## WILSON 1. BOMBECK *et al.*

No. 1936.   Opinion Filed July 22, 1913.

(134 Pac. 382.)

1. **VENDOR AND PURCHASER—Title—Rights of Third Persons.**
S., the owner, and B., a prospective purchaser, had dealings concerning a tract of land, whereby B. paid S. the sum of $1,-500 cash, conveyed to him certain real estate of the value of $900, assumed and agreed to pay an outstanding mortgage against the land of S., and executed a certain instrument in writing, whereby he agreed to give to the owner a promissory note for the sum of $800, payable on the 1st day of May, 1904, which sum, together with the other sums and the conveyance hereinbefore mentioned, was to constitute the entire consideration for a sale of said land by S. to B. The writing also contained a provision to the effect that, upon the payment of said note, S. would deliver to B. a warranty deed for said land. Contemporaneous with the payment of the $1,500 and the execution of the foregoing agreements, S. placed B. in possession of the land, and he continued to occupy and farm the same through his tenant until the fall of the same year. Immediately upon their execution, the note and agreement mentioned above, together with a warranty deed from S. to B., were placed in a bank. B. did not pay the note on the day the same became due, whereupon the bank turned over to S. all the papers deposited with it. On the 18th day of June, 1904, without attempting to collect the $800, or rescind his contract with B., S. sold the land to W., who had notice of the transactions between S. and B., for a valuable consideration, and executed to him a warranty deed therefor. About the 1st day of July, 1904, B., who was absent from the vicinity of the land, requested the bank to wire him the amount of the S. note, and he would send draft to pay same. Some time during the fall of 1904, W. induced the tenant of B. to turn the land over to him, thus obtaining possession thereof without the knowledge or consent of B. Thus matters remained until the 16th day of October, 1906, on which date this action was instituted by B. for the recovery of the land. **Held,** that the transactions and agreements between S. and B., as a whole, operated to vest in B. the entire equitable title to and in the land in controversy; that the legal title was held by S. merely as a security for the payment of the small balance of the purchase money remaining unpaid; that as W. purchased from S. with full knowledge of all that transpired between S. and B., he acquired such interest only in the land as S. had to sell.

2. **QUIETING TITLE — Nature of Action — Distinguished from Ejectment.** An action by B. for the recovery of said land, wherein the foregoing facts were substantially stated, is a statutory action for the recovery of real estate by one who seeks to recover on the strength of a paramount equitable title against one holding the legal title.

3. **SAME—Title of Plaintiff—Nature of Action.** In this state the plaintiff in such an action is not required to have the legal title, or all the title, or a title paramount to the title of all others, in order to enable him to recover. It is only necessary that he shall have some kind of an estate in the property in controversy, legal or equitable, and that his title to the property shall be paramount to that of the defendant. Actions of this class are equitable in their nature, and the rights of the parties must be governed by the rules pertaining to suits in equity.

4. **EQUITY—Delay—Application of Statute of Limitation—Quieting Title.** In the absence of actual fraud, equity adopts the period of the statutes of limitations.

5. **LIMITATION OF ACTIONS—Application of Statute—Quieting Title—Evidence.** The instant case contains no element of actual fraud, and presents no unusual conditions or circumstances such as would make it inequitable to follow the period of limitations prescribed by the statutes of limitations of the state for the recovery of real property.

(Syllabus by the Court.)

*Error from District Court, Caddo County; Frank M. Bailey, Judge.*

Action by Henry Bombeck against Elias M. Wilson and others. From the judgment, Wilson brings error. Reversed and remanded.

*A. J. Morris* and *W. H. Starkweather,* for plaintiff in error. *Geo. T. Webster,* for defendants in error.

KANE, J. This was an action commenced by Henry Bombeck, the cross-petitioner and one of the defendants in error herein, against the plaintiff in error, Elias M. Wilson, and Hiram B. Spencer, Jesse Landis, and W. H. Gehring, defendants in error, for the purpose of determining his right and title and interest in and to a certain tract of real estate

situated in Blaine county. There seems to have been two trials in the court below; a new trial having been granted upon the ground that the losing party was entitled thereto as a matter of right, under section 4792, Wilson's Rev. & Ann. Stat. 1903 (Rev. Laws 1910, sec. 4932).

Upon the second trial, immediately upon the close of the evidence, counsel for defendant, Wilson, moved the court for a nonsuit, whereupon the following occurred:

"Now on this 10th day of March, 1909, this cause comes on for final hearing upon motion of the defendant, Elias M. Wilson, for a peremptory instruction directing the jury to return a verdict herein for the defendant. And having duly considered said motion and all the evidence in the case, the court finds that the plaintiff's evidence herein is not sufficient to warrant a recovery of the estate described in plaintiff's petition, and it is therefore ordered, considered, and adjudged that the action in ejectment herein will not lie, and that plaintiff do not recover of the defendant the said real estate described in plaintiff's petition. And it further appearing to the court that plaintiff's motion filed herein on the 5th day of March, 1909, asking that said cause be tried as one for specific performance and for equitable relief, and not as an action of ejectment, is well taken. It is therefore ordered and adjudged that plaintiff's said motion be and the same is hereby sustained, and it is hereby further ordered and adjudged that defendant's motion herein for a peremptory instruction be and the same is hereby overruled. And it is further ordered and adjudged that this cause shall be retained by the court, and shall be tried as an action for equitable relief, to which judgment of the court the defendant at the time duly excepts, and his exceptions are allowed. It is further ordered that special interrogatories be and the same are hereby submitted to the jury for their answer.

Whereupon the court submitted to the jury the following special interrogatories:

"(1) Did the defendant, Elias M. Wilson, at the time he purchased the farm in question from Hiram B. Spencer have actual notice of the contract between the said Hiram B. Spencer and this plaintiff? (2) What was the reasonable market value of the one-half undivided interest in the property owned

by Mr. Bombeck in the town of Kingfisher, Okla., on the 14th day of January, 1904?"

After argument of counsel, the jury returned the following answers to the special interrogatories propounded by the court:

"(1) We, the jury, impaneled and sworn to try the issues in the above cited cause, do upon our oaths find the defendant Elias M. Wilson, had actual notice of the contract between said Hiram B. Spencer and the plaintiff, Henry Bombeck, at the time Wilson purchased the farm of Spencer. (2) We, the jury, impaneled and sworn to try the issues in the above-entitled cause, do upon our oaths find the reasonable market value of the one-half undivided interest in the property owned by Henry Bombeck in the town of Kingfisher, Okla., and transferred to Spencer on the 14th day of January, 1904, to be $900."

Thereupon the court took the cause under advisement, ordering all parties to submit briefs, and eight months thereafter, to wit, on the 6th day of November, 1909, entered the following decree:

"The court, being fully advised in the premises, finds for the plaintiff and against the defendants, Hiram B. Spencer and Elias M. Wilson. It is therefore considered, ordered, adjudged, and decreed that the plaintiff have and recover of and from said defendants, Elias M. Wilson and Hiram B. Spencer, in the sum of $3,189.90, with interest thereon from this date at the rate of six per cent. per annum, together with the costs of this action, and it is further ordered, adjudged, and decreed that said judgment, costs, and interest, be and the same are hereby declared to be a lien upon the N. W. ¼, section 21, township 13, range 13, Blaine county, Okla., to which judgment and order of the court both plaintiff and defendant except, and their exceptions are by the court allowed. Whereupon plaintiff files a motion to vacate and set aside said money judgment, and asks the court to enter in lieu thereof a decree, granting said plaintiff the said real estate involved in this action, and establishing plaintiff's title thereto, subject to the balance of the purchase money due thereon with interest, and subject to whatever lien defendant, Wilson, may have by reason of the payment of the mortgages and taxes upon said land; that plaintiff have

judgment for the rental value of said premises from the time that said Wilson took possession thereof to the date of this judgment, together with judgment for costs; and that plaintiff be decreed to have the possession of said land and said defendant, Wilson, and all persons holding under him be ousted therefrom. Motion overruled by the court, to which plaintiff excepts, and exceptions are allowed by the court."

Whereupon counsel for the plaintiff filed a motion for a modification of the decree, as follows:

"Comes now the plaintiff above named, and moves the court to vacate and set aside the money judgment rendered in the above-cited cause in favor of the plaintiff and against the defendants, and in lieu thereof to enter herein a decree, granting unto plaintiff the real estate involved in this section, and establishing plaintiff's title thereto, subject to the balance of the purchase money due thereon and interest, and subject to whatever mortgages and taxes that said Elias M. Wilson has paid off, all of which have by him been specifically set forth in his evidence submitted in said cause. And plaintiff further asks that he have judgment for the rental value of said land from the date when Elias M. Wilson took possession thereof up to the date of this judgment at the rental value thereon, as stated by said Elias M. Wilson upon the witness stand, which sum was the lowest rental value stated or given in the evidence submitted in said trial; and that all costs herein be taxed to the defendants, Elias M. Wilson and Hiram B. Spencer; and that plaintiff be decreed to have the possession of said land; and that said Elias M. Wilson and all persons holding under, by, or through, him be ejected therefrom."

We think that court committed error in decreeing the land to Wilson and rendering a money judgment against him in favor of Bombeck. There are no disputed questions of fact in the case respecting the transactions between Spencer and Bombeck, and Spencer and Wilson, out of which this controversy arose. The facts may be briefly stated as follows:

On the 14th day of January, 1904, one Spencer and the plaintiff, Bombeck, entered into a contract in writing as follows:

"Know all men that this contract is between Hiram B. Spencer, party to the first part, and Henry Bombeck, party to the second part. Party of the second part gives party of the first part one promissory note dated January 14, 1904, payable on or before May 1, 1904, principal $800, bearing ten per cent. from date. Upon payment of this note of $800 to party of the first part, party of the first part delivers to party of the second part a warranty deed and abstract showing all entries against same to northwest ¼, section 21, township 13, range 13."

This writing, which embraced but a small part of the agreement between Spencer and Bombeck, and the note mentioned therein were attached to a warranty deed, and all were placed in the Bank of Hydro, whereupon Bombeck paid Spencer $1,500 cash, and conveyed to him an undivided one-half interest in certain real estate in the county of Kingfisher of the value of $900, and as a further consideration assumed and agreed to pay an existing mortgage against the Spencer land. Immediately upon the execution of the contract, Bombeck, pursuant to his agreement with Spencer, took possession of the land, and placed a tenant in charge thereof. Bombeck did not pay the note upon the day the same became due, whereupon the bank delivered the papers deposited with it to Spencer, who thereupon on the 18th day of June, 1904, without attempting to collect the Bombeck note, or rescind his contract with him, sold the land in question to Wilson, executing to him a warranty deed, which deed was filed in the office of the register of deeds on the 23d day of the same month. In the fall of 1904, at which time there was growing upon the land 100 acres of broom corn, which had been planted and cared for by J. E. Ralph, Bombeck's tenant, Wilson induced Ralph to vacate the land and permit him to enter the same. In this way Wilson obtained possession thereof without the knowledge or consent of Bombeck.

About the 1st of July, 1904, Bombeck, who was residing at Muskogee, learned that Spencer had sold the land to

Wilson, and immediately wired the bank to wire him the amount of Spencer's note, and he would send a draft to pay the same, to which wire the bank answered, "Come and see about it." After that no action seems to have been taken by Bombeck until the 16th day of October, 1906, on which date he filed his petition herein, wherein, after setting up the facts substantially as above and alleging that Wilson purchased with full knowledge of his interest in the land, he prayed:

"Wherefore, premises considered, plaintiff prays that he be adjudged and decreed the owner of the northwest ¼ of section 21, township 13, range 13, Blaine county, Okla. T., as against each and all of the defendants herein named; that the said deed from Hiram B. Spencer to said Elias M. Wilson, dated June 18, 1904, and recorded in Book 14, p. 45, in the office of the register of deeds of Blaine county, Okla. T., be canceled of record, held for naught, and removed as a cloud upon said land; that said Elias M. Wilson be required to account to this plaintiff for the rental value of said land from October 1, 1904, up to the date of final judgment at the rate of $400 per year, and that plaintiff have judgment against said Elias M. Wilson, defendant, for said rents and interest, thereon; that plaintiff be given judgment for possession of said land, and that a writ of ouster be issued against said defendants and all persons hereafter holding under them; that plaintiff have judgment for all other and further relief as may be just and equitable against each and all of the defendants named herein, and for the costs of this action. That if for any reason the plaintiff cannot be decreed the absolute owner of said land, and his title thereto cannot be quieted, that then and in that event plaintiff have judgment against said defendant for the sum of $7,200, the value of said land and the rentals thereof, and all costs herein."

The answer of Wilson was to the effect that he was an innocent purchaser for value; that immediately after purchasing the land he went into peaceable and quiet possession thereof, and has since continuously cultivated and improved the same, and was in the open, notorious, and exclusive possession of the same for more than two years

immediately prior to the bringing of this action; that with full knowledge of such facts the plaintiff acquiesced in the same, permitting the defendant to continue in possession of said land, and to place the same in an improved state of cultivation, and by his said acts the said · plaintiff led this defendant to believe that plaintiff made no claim to said land, and that at the time the defendant purchased said land he paid the reasonable market value thereof, and since his said purchase said land has greatly increased in value, and at the time this action was commenced said land was worth the sum of $6,000, and at this time it is worth $7,000, and by reason of the facts above set out the plaintiff is barred by the statute of limitations from maintaining this action.

Spencer, although· duly served with summons, does not appear to have answered or to have taken any part in the case. Spencer and Wilson, in their dealings with each other concerning the land in controversy, obviously proceeded upon the theory that, because Bombeck did not pay · the $800 note immediately upon the same becoming due, he forfeited all his rights in the premises; that Spencer, without attempting to collect the small balance of the purchase money due him and without rescinding his contract, was entitled to retain the part of the consideration he had received from Bombeck, and resell the land to Wilson free from any claim on the part of Bombeck, notwithstanding Wilson had notice of all that had previously transpired between Spencer and Bombeck. This was an erroneous view of the law. The part of the contract between Spencer and Bombeck that is in writing does not contain a forfeiture clause, nor does that part of it that provides for the delivery of the deed fix any specific date when the delivery shall take place, and there was no agreement or arrangement between them which provided for the forfeiture of any part of the consideration which had been paid by Bombeck to Spencer.

*Jones v. Hollister,* 51 Kan. 320, 32 Pac. 1118, and the case at bar are similar in a great many respects, and, on the question of the nature of the title acquired by Bombeck through his dealings with Spencer, they are entirely analogous. Discussing that portion, Mr. Chief Justice Horton says:

"But when the Leavenworth, Pawnee & Western Railroad Company sold the land in dispute to Van Deusen and Hopper, and executed to them, as purchasers, a title, bond, or contract therefor, and received a part of the purchase money, taking several promissory notes for the deferred installments of the purchase money, and then put the purchasers in possession (time not being of the essence of the bond or contract), the entire equitable estate of the land passed to Van Deusen and Hopper and their vendees or assignees. Everything passed to them except the mere legal title, and that was held by the railroad company merely as a security for the payment of the notes. *Courtney v. Woodworth,* 9 Kan. 443."

Viewing the transactions and agreements between Spencer and Bombeck as a whole, it is clear at their close the entire equitable estate to and in the land in controversy passed to Bombeck, the legal title merely remaining in Spencer as security for the small unpaid balance of the purchase money. *Jones v. Hollister, supra.* If this is so, it follows that Wilson, who purchased from Spencer with full knowledge of all that had taken place between Spencer and Bombeck, acquired such interest only as Spencer had to sell. Counsel for plaintiff in error in his brief states his grounds for reversal as follows:

"(1) One cannot pursue two inconsistent remedies for relief from the same grievance, and where he has elected which remedy he will pursue, he cannot in the same proceeding invoke a remedy wholly inconsistent with the theory of the remedy first selected. And where one has taken a position in a cause he cannot thereafter take a position inconsistent with the position first taken."

"(2) The judgment is not sustained by either the pleadings or evidence, and is contrary to law, and this for two

reasons, viz.: First, no personal judgment could in any event have been rightfully rendered, as against the defendant, Elias M. Wilson; second, the relief in this case is sought on the ground of fraud, and not having been commenced within two years from the discovery of alleged fraud, it is barred by the statutes of limitation."

On rehearing it is further contended that:

"(3) When the court on the 10th day of March, 1909, rendered judgment against the plaintiff denying him the right to recover the land, * * * it forever concluded the plaintiff's right to the land so long as said judgment remains in force and effect."

On the other hand, counsel for Bombeck, the cross-petitioner, contends that Bombeck had and now has an equitable title and estate in the land; that he is the equitable owner of it, and is entitled to its possession; that all that Wilson got from Spencer was an assignment of his vendor's lien of $800 and interest; that Spencer's deed to Wilson amounts to nothing more than an assignment of Spencer's equitable lien on the land, or his lien in equity for the balance of the purchase price; (2) that when the jury found that Wilson purchased the land of Spencer with actual notice of plaintiff's rights and equities, that then the court should have decreed plaintiff the owner of the land, entitled to possession thereof, and should have given judgment for the rents, less the mortgage and taxes paid by Wilson.

The first contention of counsel for plaintiff in error— and we think a great many of the difficulties which seem to involve this controversy—arise out of confusion as to the exact nature of the proceeding. Speaking of his first contention, counsel says:

"As above stated, beyond question the plaintiff took the position that this was an action of ejectment, and tried the case once upon that theory, and continued to take this position until the 5th day of March, 1909, when he filed his motion to try the cause as one in equity and not ejectment. The court had treated the action as one for the recovery of real estate up to that time, and overruled the motion upon the

ground that plaintiff had taken the position throughout the trial that the action was one in ejectment and could not, therefore, change position in the trial of the same cause, taking a position inconsistent with his former position."

Strictly speaking, this is not an action in ejectment. From its inception it has been a statutory action for the recovery of real property, commenced by a plaintiff who seeks to recover on the strength of a paramount equitable title against a defendant holding the legal title. Section 6121, Comp. Laws 1909 (Rev. Laws 1910, sec. 4927).

In this state the plaintiff in such an action is not required to have the legal title or all the title, or a title paramount to the title of all others, in order to enable him to recover. It is only necessary that he shall have some kind of an estate in the property in controversy, legal or equitable, and that his title to the property shall be paramount to that of the defendant. Actions of this class are equitable in their nature, and the rights of the parties must be governed by the rules pertaining to suits in equity. *Stout v. Hyatt,* 13 Kan. 232; *Duffey v. Rafferty,* 15 Kan. 9; *Hall's Heirs v. Dodge,* 18 Kan. 277; *Simpson v. Boring,* 16 Kan. 248; *Jones v. Hollister,* 51 Kan. 310, 32 Pac. 1116.

On the contention that "no personal judgment could have been rightfully rendered as against the defendant, Elias M. Wilson," we are inclined to agree with counsel. If it developed that Wilson's title was superior to that of Bombeck, it would have been inequitable for the court to have compelled Wilson to restore to Bombeck the money he had paid Spencer. Presumably Bombeck and Wilson each paid Spencer the full value of the land, and in no event ought the prevailing party be compelled to return to the other any money so paid. Spencer received these moneys, and the losing party has an action against him for the recovery of the money paid by him to Spencer. The second branch of this contention grows out of the confusion as to the nature of the proceeding hereinbefore referred to. The action is for the re-

covery of real property by a plaintiff who seeks to recover on the strength of a paramount equitable title against the defendant holding the legal title, and there is no question of actual fraud involved.

Whilst actions of this class are equitable in their nature, and the rights of the parties must be governed by the rules pertaining to suits in equity, the rule is that, in the absence of actual fraud, equity adopts the period of the statutes of limitations. *Church v. Winton,* 196 Pa. 107, 46 Atl. 363. In our judgment, the instant case contains no element of actual fraud, and presents no unusual conditions or circumstances such as would make it inequitable to follow the period of limitation prescribed by the statutes of limitations of the state for the recovery of real property.

We see little or no foundation for the contention made by counsel upon rehearing. The action taken by the court on the 10th day of March, 1909, which has been hereinbefore referred to, was merely a determination by the court below of the nature of the action. The latter part of the order makes this clear. It reads as follows:

"It is therefore ordered and adjudged that plaintiff's said motion be and the same is hereby sustained, and it is hereby further ordered and adjudged that defendant's motion herein for a peremptory instruction be and the same is hereby overruled. And it is further ordered and adjudged that this cause shall be retained by the court, and shall be tried as an action for equitable relief."

It is inconceivable that the court intended to retain the cause to be tried as an action for equitable relief, after the subject-matter of the controversy had been eliminated. That would be too much like playing Hamlet with the principal character omitted. We take it that it was clearly the intention of the court below to retain the action intact, and pass upon it as a suit in equity after hearing argument of counsel. The action was equitable in its nature, all the parties were before the court, and the court could have rendered a decree for specific performance, or granted or refused any

other equitable relief which the facts and the law of the case seemed to justify. In other words, having obtained jurisdiction of the parties and the subject-matter of the action, the court had jurisdiction, and it was its duty, to render any relief, whether of a legal or equitable nature, necessary to a full determination of the cause. In our judgment, Bombeck, in his motion to vacate the judgment rendered by the court, offered to do substantial equity as between himself and Wilson, and that a decree in conformity therewith ought to be entered in his favor, subject to whatever further rights the court may find Wilson entitled to as an occupying claimant. Whilst there is no conflict in the evidence as to the rental value of the land, there is no finding of the court or jury on that question, and if the court decides that Wilson is entitled to the benefit of the occupying claimant's act, the question of rental value ought to be left open and determined in that proceeding. The final decree also ought to provide for vesting the legal title in Bombeck, either by requiring Spencer to specifically perform his contract or by proper decree against Wilson having the same effect.

The cause is therefore reversed and remanded, with directions to proceed in conformity with this opinion.

HAYES, C. J., and WILLIAMS and TURNER, JJ., concur; DUNN, J., absent and not participating.