### THOMPSON v. ROSEHILL BURIAL PARK et al.

No. 24924.   Sept. 8, 1936.

Billups & Billups, for plaintiff in error.

Shirk, Danner & Earnheart and Michael S. Ward, for defendants in error.

McNEILL, C. J. This is a suit for specific performance for a deed for a crypt in a mausoleum.

W. J. Thompson, plaintiff in error, on May 24, 1918, entered into an agreement with the Rosehill Burial Park wherein he subscribed for de luxe section ten (10) in the Rosehill Mausoleum to be erected in Rosehill Burial Park in Oklahoma City. The consideration was $2,000, and at the time of final payment Thompson was to be issued a deed conveying in perpetuity the space subscribed for in said mausoleum. Plaintiff paid in cash $185, bonds in the sum of $564.15, and mining stock in the sum of $1,000. The mausoleum was completed in the fall of 1919. Some question arose as to the worthlessness of the bonds and stock and as to whether they were accepted by the Rosehill Burial Park, but we are not concerned with this phase of the case.

Plaintiff commenced this action on April 24, 1931, and prayed for specific performance and in the alternative judgment against the defendants in the sum of $10,000 in the event the crypt could not be delivered.

The action is of equitable cognizance and the defendants have pleaded the statute of limitations. The trial court held that the statute of limitations interposed by the defendants was applicable and rendered judgment for the defendants. Actions for specific performance of a contract to convey an interest in real estate, unless there is fraud or unusual circumstances as would justify a suspension of the application of the statute of limitations, must be brought within five years. See Wilson v. Bombeck, 38 Okla. 498, 134 P. 382; Hurst v. Hanna, 207 Okla. 3, 229 P. 163.

The evidence does point to certain activities on the part of the plaintiff in error to see Mr. Harden, one of the defendants, in reference to closing up a deal between the parties, but no tender or demand for the deed was made until 1931. The evidence does not show due diligence on the part of the plaintiff in error to demand rights under the agreement, and the trial court, after hearing evidence, decided that laches prevented plaintiff in error from obtaining specific performance.

This action is equitable in its nature, and it is the settled rule in this court that this court will not disturb the findings and judgment of the trial court in such cases unless the same is clearly against the weight of the evidence. We are of the opinion that the judgment of the court, in applying the

five years' statute of limitations, under the facts and circumstances in the instant case, should not be disturbed, and the judgment is affirmed.

OSBORN, V. C. J., and BAYLESS, WELCH, and PHELPS, JJ., concur.