JOHNSTON v. BOARD OF ED., TOWN of COMANCHE, et al.

No. 31313. April 25, 1944.

*148 P. 2d 195.*

Byron Lamun, of Oklahoma City, for plaintiff in error.

Arthur J. Marmaduke, of Duncan, for defendants in error.

GIBSON, V. C. J. This is an action in mandamus wherein the owner and holder of certain street improvement

bonds in the town of Comanche seeks the writ directing the board of education of said town and the county excise board to make and approve, respectively, estimates for the payment of delinquent assessments levied for the retirement of said bonds. On trial of the issues under the alternative writ, peremptory writ was denied, and plaintiff appeals.

Dedendants pleaded the statute of limitations and laches.

The trial court, on a general finding, entered judgment denying the writ.

On appeal, however, the defendants lay aside their defense of the statute of limitations and rely entirely on the plea of laches. Board of Education of City of Duncan v. Johnston, 189 Okla. 172, 115 P. 2d 132; Wilson v. City of Hollis ex rel. Armstrong, 193 Okla. 241, 142 P. 2d 633.

The record shows that the bonds in question were issued in 1924 pursuant to chapter 173, S. L. 1923 (11 O. S. 1941 §§ 81-113, 151, 152). The statute authorized street improvements by districts, and provided a plan of payment by assessment of the real property therein, payable in ten annual installments evidenced by bonds such as the ones involved in this case. The installments were made payable on the 1st day of September each year, and the payments to be held in a special fund by the municipality for the retirement of the bonds (sec. 25; 11 O. S. 1941 § 105). And the bonds were to become due and payable on or before the 1st day of October next succeeding the due date of the last installment (sec. 26; 11 O. S. 1941 § 151).

It is further shown that the defendant school district owned certain real property in the improvement district and that the school board defaulted in the installments for the years 1932, 1933, and 1934. On July 22, 1939, the plaintiff, pursuant to appropriate action, obtained a peremptory writ of mandamus against the school board requiring it to include in its estimated needs for the fiscal years 1939-'40, 1940-'41, and 1941-'42

sufficient revenues to discharge said installments.

The board complied with the writ as to the year 1939-'40, and the installment was paid to the city in due course, and by the city paid over to the plaintiff. But the board failed and refused to make the estimates for the years 1940-'41 and 1941-'42 for the payment of the installments for 1933 and 1934, which were the last remaining unpaid. Thereafter, on August 7, 1942, plaintiff commenced the present action.

As stated above, the bonds in the instant case became due on October 1, next, after the last installment fell due, and were payable out of the funds created by the installment payments. The due date of the present bonds was therefore October 1, 1934.

The former action in mandamus was commenced June 27, 1939, or less than five years after the bonds matured. The delinquent assessments were for the years 1933 and 1934. They were due on the 1st day of September in those years, respectively. This action was commenced August 7, 1942.

We are to determine whether, in the face of those facts, plaintiff was guilty of laches.

The statute provides that the paving assessments lien shall be coequal with the lien of other taxes, 11 O. S. 1941 § 103; and school district property is to be treated and considered the same as the property of other persons, but the board of education is required to "annually provide by the levy of taxes in a sufficient sum to pay the maturing assessments and interest thereon." 11 O. S. 1941 § 100. The act in question provides no time limitation for the commencement of proceedings to enforce the levy of taxes for the payment of such installments, but it does provide that the coequal lien aforesaid "shall continue as to unpaid installments and interest until such assessments and interest thereon shall be fully paid." Section 103, supra.

After an annual installment has been delinquent twelve months the bond-

holder may commence proceedings in district court to foreclose his lien to the extent of the delinquent installment (11 O. S. 1941 § 107). But such proceedings cannot be maintained against public property. Blythe v. City of Tulsa, 172 Okla. 586, 46 P. 2d 310. In such case mandamus is the proper remedy to enforce levy of taxes by the municipal officers to pay the delinquent assessments. Independent School Dist. No. 39 v. Exchange National Co., 164 Okla. 176, 23 P. 2d 210, 95 A. L. R. 685.

Laches cannot always be gauged or measured wholly by any statute of limitations, as has been done in certain instances where the writ of mandamus was sought to enforce some civil right. In those cases, though mandamus is not a civil action to be barred within the meaning of the statute of limitations, the bar of laches was applied and was measured by the time limitation placed upon civil actions involving the same subject of action. See Board of Education v. Johnston, supra.

Whether laches shall apply to a given claim depends upon the facts and circumstances in the particular case. The rule to be observed here is stated in American-First National Bank, etc., v. Peterson, 169 Okla. 588, 38 P. 2d 957, as follows:

"The question of whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another."

The delay must be unreasonable and inexcusable. Parks v. Classen Co., 156 Okla. 43, 9 P. 2d 432. The rule cannot apply unless by reason of unjustifiable delay on the part of the plaintiff some inequitable situation has arisen to the detriment of the defendant.

The school board was the first to breach a legal duty in this case. This is made clear by the language of the court in Independent School Dist. No. 39 v. Exchange National Co., supra, wherein it was said:

"The board of education of school district No. 39 was required, as a ministerial duty, to include an amount equal to each assessment in the annual estimate for the purpose of paying the same. The county excise board was charged with the duty of making an annual levy in an amount sufficient to pay said assessments. They were probably negligent in the discharge of their duties, but this fact would not operate to change the plain provisions of the law. It is elementary that the remedy of mandamus was available to plaintiff and might be exercised for each and every year the governing boards failed to perform their respective duties."

It became the duty of the officials to provide for a levy in each of the years 1933 and 1934 to take care of the installments to fall due September 1st of those years.

But the bondholder would not be compelled to stand by and see that the officials performed their duty. He may presume that estimates and levies will be made in due course. If they are not, then the bondholder may obtain a writ requiring the proper authorities to make estimates and levies in the succeeding year for the payment of the delinquent installment.

Judging from some of our previous statements, it would seem that the time element in laches should not attach until the bonds mature. We base this statement particularly on the language employed in First National Bank v. Board of Education, 174 Okla. 164, 49 P. 2d 1077, wherein, with reference to a similar question, it was said:

"Of course, J. N. Haymaker, during his lifetime, might have come to Enid each year, from without the state, and examined the estimates submitted by the school board for the purpose of ascertaining whether or not a sum had been included which would have been sufficient, over the ten-year period covered by the bonds, to retire them; and upon so advising himself of the school board's oversight, mandamus would lie. State ex rel. Southern Surety Co. v. Armstrong, 158 Okla. 290, 13 P. 2d 198. However, he was not charged by law with taking such steps; and man-

damus is not the only remedy available to holders of bonds of this nature."

That statement was considered to some extent in Board of Education v. Johnston, supra. Laches was applied in that case due to the long inaction of the bondholders in moving against the public officials who had been delinquent in their duty to provide revenues.

But that decision does not control here. There is a material difference in the facts. In the instant case the bondholder was not guilty of undue delay in asserting his rights.

Here a writ was granted in 1939 requiring the officers to make a levy for the payment of all the delinquent installments. Levies were to be made in 1939'-40, 1940-'41, and 1941-'42 to retire the installments for 1932, 1933, and 1934, respectively. The officers complied with the writ for the year 1939-'40, but failed so to do for the years 1940-'41 and 1941-'42. The personnel of the board had changed before this proceeding was commenced, and it may be that the members are not bound by the first writ (Carlton v. Boardman Co., 115 Okla. 151, 241 P. 151), but all questions relating to unreasonable delay on the part of plaintiff were settled in the first case, and defendants cannot go behind that proceeding in order to establish their plea of laches. If plaintiff was guilty of any undue delay, that delay took place after the officers failed for the fiscal years 1940-'41 and 1941-'42 to provide for the proper levy. The installment for 1932 was paid on March 20, 1941, pursuant to the writ. The school district legally owed the installments, and it would not seem unreasonable to say that the plaintiff was justified in his assumption that the officers would respect the judgment of the court and provide for the payment of the two remaining installments.

Though the new officers may not have been subject to citation for failure to comply with the writ, the judgment of the court was res judicata of the question of laches, and of plaintiff's right at that time to have a proper appropriation for payment of the installments.

The school officers first defaulted under the writ in July, 1940, when they failed to make an estimate for the payment of the 1933 installment. 68 O. S. 1941 § 286. Under that section school officers are required to meet on the first Monday in July each year to make estimates of the financial needs of the district for the current fiscal year, and to submit such estimates to the county excise board not later than the 30th of said month. The present proceeding was commenced not later than two years after such default.

We fail to see wherein the above facts and circumstances reveal any want of diligence on the part of plaintiff. Laches is an equitable defense, and it appears that equity falls on the side of the plaintiff in this case.

The situation of the parties to this action is analogous to that of the parties in Wilson v. City of Hollis, supra. The rules of law announced in that case are determinative of the rights of the plaintiff here.

The cause is reversed and remanded to the trial court with directions to proceed in accordance with view expressed in Wilson v. City of Hollis ex rel. Armstrong, 193 Okla. 241, 142 P. 2d 633.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., dissents.

———

HURST, J. (dissenting). The obligation of a school district to pay street improvement assessments is one imposed by law. It is in no sense contractual. The school district is not a party to the bonds. It does not promise to pay the assessments. The statute of limitations in an action for recovery of a money judgment against the school district on such an obligation is three years after the installment is due. 12 O. S. 1941 § 95 (2). In Wilson v. City of Hollis, 193 Okla. 241, 142 P. 2d 633, this court held that such an action may be maintained.

Some language is used in Board of Education v. Johnston, 189 Okla. 172, 115 P. 2d 132, that is misleading, and with which I do not agree. The maturity date of the bonds, on the question of laches, is immaterial in an action against a school district to recover on a paving installment or to compel the making of a levy for the same. The maturity date of the paving installment is the fact that is of importance.

We have long been committed to the rule that, in applying the doctrine of laches, equity will ordinarily adopt the period fixed by the statute of limitations for analogous actions. Wilson v. Bombeck, 38 Okla. 498, 134 P. 382; Thompson v. Rosehill Burial Park, 177 Okla. 422, 60 P. 2d 756. And this rule is supported by the overwhelming weight of authority in this country. See 19 Am. Jur. 345, § 500; 21 C. J. 251; 30 C. J. S. 557, § 131.

This proceeding in mandamus has for its purpose the recovery of money. It is analogous to an ordinary suit at law for recovery of a money judgment. The defense of laches is applicable to such a proceeding. Board of Education v. Johnston, above; United States v. Lane, 249 U. S. 367, 63 L. Ed. 650, 39 S. Ct. 293. The three-year period that would have barred an action to recover a money judgment expired as to the last installment in 1937. The first mandamus proceeding was not commenced until 1939. The present mandamus proceeding was commenced in 1942. The defense of laches is universally recognized as a legitimate defense. We have many times so recognized it.

The rule seems to be well settled that where an action or proceeding, to which the defense of laches is applicable, is commenced *before* the statute of limitations bars an analogous action, the one claiming laches has the burden of pleading and proving facts justifying the defense of laches (21 C. J. 257, note 2; 30 C. J. S. 563, note 43; 19 Am. Jur. 346, § 501); but where, as here, the action or proceeding is commenced *after* the statute of limitations on an analogous action has run, the plaintiff has the burden

of pleading and proving facts excusing the delay. 19 Am. Jur. 347, note 12; 21 C. J. 254, note 84; 30 C. J. S. 560, note 25; Wood v. Master Schools Inc., 221 Ala. 645, 130 So. 178; Costello v. Muheim, 9 Ariz. 422, 84 P. 906; Baillie v. Columbia Gold Mining Co., 86 Ore. 1, 166 P. 965. For an excellent statement of the rule as to the burden of pleading and proving facts excusing delay or establishing laches, see Kelley v. Boettcher, 85 Fed. 55, 29 C.C.A. 14, opinion by Judge Sanborn that has been frequently quoted with approval. See, also, Pomeroy's Equity Jurisdiction (4th Ed.) § 1441; Roswell v. Mountain States Tel. & Tel. Co., 78 Fed. 2d 379.

Under this rule, the burden was on the plaintiff to excuse his delay in instituting proceedings to collect the delinquent assessments. The burden was not on the school district to establish the facts showing injury to it due to the delay, which it might have done if it had been called upon to do so by proving the changes since 1933, such as increase in teachers' salaries and other costs, decrease in valuation of property, decrease in population, etc.

The plaintiff pleaded the first mandamus proceeding prosecuted in 1939. The trial court refused to admit in evidence the petition and writ in that proceeding, but some oral testimony was introduced relative thereto. If, under the record, it is proper for us to consider that proceeding, I do not believe it should have any bearing on the present proceeding. The writ in that case was issued July 22, 1939, and commanded that levies be made in 1939, 1940, and 1941. The levy was made in 1939, but not in 1940 and 1941. The present proceeding was commenced August 9, 1942. It was not to carry out the first writ. The time for carrying out that writ had expired. The present proceeding was commenced to compel a levy to be made in 1942 for the 1942-1943 fiscal year. The plaintiff argues that the prior proceedings were competent to show prior adjudication of the validity of the assessments (which is not questioned), the neglect of duty in failing

to timely make the levies to pay the assessments (which is not denied), and diligence on plaintiff's part in prosecuting his claim. He cites no authority that the prior proceeding constitutes an excuse for the long delay in filing the present proceeding, nine years after the 1933 installment should have been provided for by levy, or that it is res adjudicata of the fact that the present proceeding is prosecuted with diligence. I think his position is not tenable. The excuse given for the delay does not seem to me to appeal to the conscience of a court of equity.

For a discussion of the matters that will excuse long delay in bringing an action that is subject to the defense of laches, see 21 C. J. 237-251; 30 C. J. S. 543-556; 19 Am. Jur. 348-352.

In any event, the defendants pleaded laches. If the case is to be reversed, it would seem that it should be remanded for a new trial so that they may be heard on their claim of injury and prejudice by reason of the delay in filing this proceeding. The decision in Wilson v. City of Hollis, above, which the majority is following, was silent on the burden of excusing the delay. It should not be followed as a precedent on this point.

For the foregoing reasons, I respectfully dissent.