CITY OF TAHLEQUAH ex rel. JOHNSTON v. FRANKLIN et al.

No. 33011.   Oct. 12, 1948.

Rehearing Denied Dec. 7, 1948.

*200 P. 2d 417.*

L. W. Randolph, of Muskogee, for plaintiff in error.

Floyd H. Norris, of Los Angeles, Cal., and Bliss & Bliss, of Tahlequah, for defendants in error.

HURST, C. J.   This is a statutory action commenced under authority of 11 O. S. 1941 §132 by the city of Tahlequah ex rel. W. R. Johnston against M. E. Franklin et al. to foreclose a special assessment lien for street improvement purposes. The bonds matured on October 1, 1934. The action was commenced on December 12, 1939. The defendants pleaded laches and limitations and that the lien had ceased to exist, and asked that the bonds and lien be canceled and for general equitable relief. The cause was set for trial August 30, 1943. It appears that at that time no evidence was introduced but the cause was argued and the court announced he would decide the case for the defendants because of the bar of limitations. It appears that thereafter further argument was presented concerning the history and status of the case of Johnston v. Board of Education, Town of Comanche, 194 Okla. 150, 148 P. 2d 195,

which was at that time pending in this court. The clerk made no minute of the entry of judgment as of August 30, but on January 11, 1945, a journal entry dated August 30, 1943, was filed in the cause and entered upon the journal. By the judgment so entered the court held that the action was barred by laches and limitations, canceled the special assessment lien, and enjoined the officials of Cherokee county from taking steps to enforce the lien. On August 17, 1946, the plaintiff, upon learning that the journal entry of judgment had been filed, filed a motion to vacate the judgment, alleging that the same was irregularly filed and entered and that important features thereof were unsupported by any testimony and that the judgment was otherwise void because beyond the power and authority of the court to render same. Evidence was heard in support of the motion to vacate touching upon the question of irregularity in obtaining the judgment, but that evidence was in conflict. The court overruled the motion to vacate without making specific findings of fact, and from that order this appeal was taken.

The plaintiff contends that there was irregularity in obtaining the judgment under 12 O. S. 1941 §1031(3), in that the judgment was not pronounced and entered in open court on August 30, 1943, and that the judgment in so far as it canceled the special assessment lien was outside the issues of the case and therefore beyond the power of the court to render the same.

The defendants contend that since the motion to vacate the judgment was not filed at the term during which it was purportedly entered, but was filed at a subsequent term, it was incumbent upon the plaintiff not only to show irregularity in obtaining the judgment but also to plead, prove and have it adjudged, that it had a valid cause of action, as provided in 12 O. S. 1941 §1035. The defendants argue that the pleadings and record show that the

cause of action was barred by the statute of limitations under 12 O. S. 1941 §95(2), as held in City of Bristow v. Groom, 194 Okla. 384, 151 P. 2d 936, and that the special assessment lien was extinguished by the running of the statute of limitations, and that hence plaintiff failed to establish a valid cause of action entitling him to an order vacating the judgment.

In the recent case of Baccus v. Banks, 199 Okla. 647, 192 P. 2d 683, we held that 11 O. S. 1941 §242, which fixes limitations on the foreclosure of special assessment liens and absolves property of the lien when the period of limitations has run and where the bondholders have failed to timely pursue their remedies provided in said statute, is constitutional. The Supreme Court of the United States has denied a review of said decision both by appeal and certiorari. Reeder v. Banks, 333 U. S. 858, 68 S. Ct. 743. Section 242, in so far as it is material here, provides:

"From and after the effective date of this Act, the right of any holder to enforce the lien of any 'Street Improvement Bond' issued under authortiy of Chapter 10, Article 12, Oklahoma Revised Laws of 1910, or of any 'Street Improvement Bond' or 'Refunding Street Improvement Bond' issued under any authority contained in Chapter 33, Article 14, Oklahoma Statutes of 1931, and statutes supplementary and amendatory thereto, by foreclosure, mandamus, refunding or otherwise, shall be barred upon the expiration of three years immediately following the maturity date named in the face of such bond, unless the holder of any such bond shall have commenced suit to foreclose his lien by filing an action for that purpose and procuring service of summons therein or shall have evidenced his willingness to accept Street Improvement Refunding Bonds issued under the provisions of this Act, in exchange therefor, prior to the expiration of said three year period of limitation; Provided, however, that in all cases where the period of limitation herein mentioned has expired or will expire prior to November 1, 1939, the holder of such bonds shall have until December 1, 1940, in which to pursue his remedy or obtain the benefits of this Act. The running of the period of limitation herein fixed shall be an absolute bar to any action or proceeding brought thereafter, whether the same is plead as a defense or not, and the property against which such bonds theretofore represented a lien shall thereafter be, by operation of law, absolved of any lien or liability on account of said bonds."

The civil action to enforce the special assessment lien accrued one year after the maturity date named in the bonds. 11 O. S. 1941 §132; City of Bristow v. Groom, above. At the time 11 O. S. 1941 §242 was enacted, more than four years had expired since the maturity date of the bonds without any foreclosure suit having been filed. Therefore, at the time section 242 was enacted, an action to foreclose the special assessment lien under section 132 was barred by 12 O. S. 1941 §95(2), as construed in City of Bristow v. Groom, above.

The question is whether the special assessment lien was extinguished by section 242, above, and whether the court properly canceled it of record. It is clear that the first portion of section 242 down to the semicolon does not apply so as to protect the special assessment lien from the bar of the statute of limitations. That portion of the statute has reference to bonds, the maturity date of which named in the bonds was less than three years prior to the enactment of the statute. The proviso portion of the statute immediately following,

"Provided, however, that in all cases where the period of limitation herein mentioned has expired or will expire prior to November 1, 1939, the holder of such bonds shall have until December 1, 1940, in which to pursue his remedy or obtain the benefits of this Act,"

is the statute which, if complied with, saved the lien in this case from be-

coming extinguished. What did the Legislature mean by the expression "in which to pursue his remedy or obtain the benefits of this Act?" What remedies did the Legislature intend to make available to such a bondholder in order to obtain the benefits of the act?

The applicable rule of statutory construction is that statutes of doubtful meaning will be given a construction that is reasonable and sensible, and the Legislature will be presumed not to have intended an absurd result in enacting such a statute. Huston v. Scott, 20 Okla. 142, 94 P. 512; Town of Grove v. Haskell, 31 Okla. 77, 116 P. 805; DeHasque v. Atchison, T. & S. F. Ry. Co., 68 Okla. 183, 173 P. 73, L. R. A. 1918F, 259; Reynolds v. Phipps, 89 Okla. 21, 213 P. 855; Brown v. Miller, 89 Okla. 287, 215 P. 748; Claus v. Harden, 185 Okla. 417, 93 P. 2d 531, 124 A. L. R. 273; Brown v. State Election Board, 197 Okla. 169, 170 P. 2d 200; 50 Am. Jur. 385; 59 C. J. 967.

We think the Legislature intended that a bondholder, whose right to foreclose by a civil action already barred at the time of the enactment of the 1939 Act, but whose right to have the special assessment lien enforced under the tax sale and resale laws was not barred, should have the election one of two remedies, (a) to elect to take refunding bonds, or (b) to commence mandamus proceedings to compel the city or town clerk to certify the delinquent special assessments to the county treasurer, if that had not been done, and to compel the county treasurer to proceed to foreclose the lien under the tax sale and resale laws. It is incredible that the Legislature intended that such a bondholder could toll the statute of limitations provided in section 242 by filing a suit that was already barred by 12 O. S. 1941 §95 (2), and which could not be prosecuted to a successful result, but would have to fail when the plea of limitations was interposed.

While there is authority in other states for the rule that when only one of several available remedies is barred, the Legislature may revive the barred remedy (34 Am. Jur. 38, §33) this rule does not obtain in Oklahoma because of the provision of section 52, article 5 of our Constitution that the Legislature may not revive a remedy barred by lapse of time or by any statute of this state. Therefore, the remedy of foreclosure by suit was not available to plaintiff.

When we bear in mind the conditions that brought about the enactment of section 242, and the evils sought to be remedied as stated in Baccus v. Banks, above, it seems absurd to say that the Legislature intended that the mere filing of such a suit would toll the statute of limitations and perpetuate the lien for an indefinite period, when the principal purpose of said act was to completely extinguish the special assessment lien if, after the expiration of a period of time deemed by it to be reasonable, the bondholder failed to avail himself of one of the remedies afforded him. 50 Am. Jur. 291; 59 C. J. 964.

It follows that, since plaintiff failed to plead and prove that it had timely pursued an available remedy so as to preserve the lien of the special assessment, it failed to establish a valid cause of action, which under 12 O. S. 1941 §1035 was condition precedent to its right to vacate the judgment, and the judgment canceling the bonds and lien was within the issues made by the pleadings.

Affirmed.

DAVISON, V. C. J., and RILEY, BAYLESS, CORN, and LUTTRELL, JJ., concur. WELCH, GIBSON, and ARNOLD, JJ., dissent.