Housing Authority — Requirements — Petition — Voting A petition by not less than 5% of the voters of Sand Springs filed within 30 days of notice by publication of City Council resolution makes said resolution creating a house authority ineffective until approved by a majority of the voters as provided in 63 O.S. 1055 [63-1055] (1968). The City Council cannot rescind said resolution after the petition has been filed as the question should be presented to the electors of the city. The Attorney General is in receipt of your letter of May 15, 1968, wherein you submitted the following facts: "At a duly and regularly called Special Meeting of the Council of the City of Sand Springs, held the 20th day of November, 1967, the Council of the City passed and approved the creation of a Housing Authority of the City of Sand Springs, Oklahoma, pursuant to the "Oklahoma Housing Authorities Act", Oklahoma Statutes Title 63, Sections 1051 et seq. That all proceedings were in strict compliance with said Act. That at said meeting the formal Resolution creating said Housing Authority of the City of Sand Springs, Oklahoma, had not been prepared and the City Attorney was instructed to prepare said Resolution. That on the 11th day of December, 1967, at the regular meeting of the Council of the City of Sand Springs, said formal Resolution was duly signed and sealed by the proper officers of the City of Sand Springs and Notice of the adoption of said Resolution was given as required by Oklahoma Statute Title 63, Section 1055, said Notice being in strict compliance with said Statute. That said Notice was duly published in the Sand Springs Leader, a weekly newspaper, published at Sand Springs, Oklahoma, the first said publication of such Notice being on the 14th day of December, 1967. "That thereafter on the 11th day of January, 1968, a Petition in due form and signed by not less than five (5%) per cent of the legal registered voters of the City of Sand Springs, Oklahoma, was submitted to the governing body of the City of Sand Springs, Oklahoma, said petition being submitted within Thirty (30) days from the date of the first publication of said Notice but not submitted within Thirty (30) days of the execution of said Resolution on December 11, 1967, nor within Thirty (30) days of the adoption of the said Resolution on the 20th day of November, 1967." And upon said facts you ask the following two questions: 1. "Does the Petition filed at the date set out make ineffective the said Resolution of the Council of the City of Sand Springs creating a Housing Authority until approved by a majority vote at a Special or General Election as set out in Oklahoma Statutes Title 63 O.S. 1055? 2. "Can the Council of the City of Sand Springs, after duly enacting the required Resolution on its own motion, as set out in Oklahoma Statutes Title 63 O.S. 1055 [63-1055], declaring the need for an Authority to function in the City, thereafter rescind said Resolution or thereafter adopt a Resolution declaring there is no further need for an Authority to function in said City and by such later action, render said Housing Authority powerless to transact further business or exercise powers granted by the Oklahoma Housing Authorities Act, Oklahoma Statutes Title 63 O.S. 1051 [63-1051] et seq?" 63 O.S.Supp. 1967 Section 1055[63-1055] [63-1055], provides in relevant part as follows: ". . . If the governing body declares a need for housing exists, as set forth in (1) and (2) of this paragraph, said governing body shall issue notice of such need and the number of housing units proposed in a newspaper having a general circulation in the area in which the need is certified. Such notice shall set forth the facts of said declaration and further, if not protested within thirty (30) days from date of said notice by the method provided in the next succeeding paragraph. "Provided, however, that if a petition signed by not less than five per cent (5%) of the legal registered voters of the city or county affected, as the case may be, is submitted to the governing body within thirty (30) days of the adoption of said resolution then said resolution shall be ineffective until approved by a majority of those voting on the question at a special or general election; provided that in the event said resolution is not approved by a majority of those voting at any special or general election, then the same or a similar resolution shall not be adopted by the governing body for a period of one (I) year thereafter." (Emphasis added) You will note from the unquoted portion of Section 1055, a "housing authority" is created in each city and county. Such authority shall not function until activated by a declaration of need by the governing board or upon petition of five percent (5%) of the qualified voters of the city or county. Then, if the governing board declares the need for housing, notice of the need and the number of housing units proposed must be given. There appears to be a conflict between the underlined phrases in the quoted portion of Section 1055, set out above, regarding the time in which a protest may be filed. In the case of City of Tahlequah ex rel Johnson v. Franklin, 201 Okl. 36,200 P.2d 417, the Court said, ". . . statutes of doubtful meaning will be given a construction that is reasonable and sensible and the Legislature will be presumed not to have intended an absurd result in enacting such a statute." We must adopt a construction of Section 1055, supra, which will give the electors of the City or County thirty (30) days from the date of the notice of the adoption of the resolution by the governing board or the electors of the city would be denied their right to suspend the operation of the resolution by petition or have the time reduced in which to secure such petition, as provided in Section 63 O.S. 1055 [63-1055], supra. It is the opinion of the Attorney General that your first question should be answered in the affirmative. The petition filed as set out in the facts given by you, makes ineffective the resolution of the Council of the City of Sand Springs, Oklahoma, creating a housing authority until approved by majority vote of electors voting at a special or general election as set out in 63 O.S. 1055 [63-1055] (1967). Your second question involves the exercise of discretion by an executive board. The Housing Authority created by Section 1055, is quiescent until activated by a resolution adopted by the governing board declaring a need for housing and for a housing authority to function in the city or county. Once the resolution is adopted the authority can transact business and exercise its powers unless a petition is signed by five (5%) per cent of the electors of the city or county, in which event, the activation of the authority is suspended until approved by a majority of electors voting thereon. There appears to be no provision in the act for the governing board of a city or county to rescind its resolution declaring a need for housing and for a housing authority to function. 67 CJ.S. Officers, Sections 103 (c) and 108, set out the general rule, as follows: ". . . when the judgment or discretion of an executive officer has been completely exercised in the performance of a specific duty, the act performed is beyond his review or recall, although the statute conferring authority expressly makes his determination discretionary. ". . . in the absence of statutory authority, a board cannot sit in review of its determination, or change, or vacate, or annul them." It is therefore the opinion of the Attorney General that your second question should be answered in the negative. The Council of the City of Sand Springs, Oklahoma, cannot rescind the resolution adopted by it declaring a need for housing and a housing authority to function in said City. The question should be presented to the electors of the City and if approved by a majority of those voting thereon the housing authority can proceed to exercise its powers and if not so approved the resolution dies and cannot again be adopted by the governing board for a period of one (1) year thereafter. (W. J. Monroe)