AGRICULTURE DEPARTMENT — FEES — ADMINISTRATIVE PROCEDURES ACT Title 2 O.S. 2-17A [2-2-17A] (1976) does not authorize the Department of Agriculture to increase the amount of fees that are specifically set by other statutes. The Attorney General is in receipt of your letter wherein you ask, in effect, the following question: Does 2 O.S. 2-17A [2-2-17A] (1976) authorize the Department of Agriculture to increase the amount of fees specifically set by other statutes? Title 2 O.S. 2-17A [2-2-17A] (1976) provides: "The State Board of Agriculture shall have the authority to promulgate and collect fees for services rendered. Such fees shall be promulgated in accordance with the Administrative Procedures Act and shall be fair and equitable to all parties concerned." You indicate that the Department of Agriculture presently collects fees that arise from different sources. Some of the fees are created and the amount of the fees set by statute, and some fees are set by Board rules. Examples of fees set by statute include the inspection of nursery stock and facilities, 2 O.S. 3-20 [2-3-20] (1971); registration of pesticides, 2 O.S. 3-63 [2-3-63]; and licenses to sell sweet potato seeds or plants, 2 O.S. 3-184 [2-3-184]. The amount of these fees are specifically set by the statutes cited. It is well-settled general law that the Legislature may not vest an administrative agency with the power to amend a statute. "It is beyond the power of an administrative body to change a statute by administrative interpretation." 73 C.J.S. Public Administrative Bodies and Procedure, Section 35. Oklahoma courts have consistently followed this principle. In Oklahoma Alcoholic Beverage Control Board v. Moss, Okl.,509 P.2d 666, 667 (1973), the Supreme Court of Oklahoma concluded in a unanimous opinion: "The Legislature cannot delegate authority to an administrative board to subvert or amend a statute. Oklahoma Alcoholic Beverage Control Board v. Welch, 446 P.2d 268, 270 (Okl. 1968); Wray v. Oklahoma Alcoholic Beverage Control Board, 442 P.2d 309,311 (Okl. 1968); see also W.S. Dickey Clay Manufacturing Co. v. Ferguson Inv. Co., 388 P.2d 300 (Okl. 1963); Application of State Board of Medical Examiners (In re Nathan) 201 Okl. 36, 206 P.2d 211 (1949)." Oklahoma law provides an Administrative Procedures Act to make uniform all administrative bodies' rule-making powers. 2 O.S. 2-17A [2-2-17A] specifically directs adherence to the APA when the Board enacts all new fees. Since the Administrative Procedures Act is not a tool to legislate, direction of its use is further evidence of a legislative intent to allow only rule making in the setting of fees. The Legislature at all times retains the power to amend any statute they have previously enacted. In the case of fees charged by the Department of Agriculture wherein the amount of the fee is set by statute, the remedy to increase the fee is for the Legislature to amend the statute. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Title 2 O.S. 2-17A [2-2-17A] (1976) does not authorize the Department of Agriculture to increase the amount of fees that are specifically set by other statutes. (DANIEL J. GAMINO) (ksg)