**INDEPENDENT SCHOOL DIST. NO. 66, POTTAWATOMIE COUNTY, v. DEPENDENT SCHOOL DIST. NO. 62, POTTAWATOMIE COUNTY.**

No. 35505.

Supreme Court of Oklahoma.

July 7, 1953.

Rehearing Denied Aug. 11, 1953.

Park Wyatt, and Wyatt, Wyatt & Edwards, Shawnee, for plaintiff in error.

Joe H. Reily and John L. Goode, Shawnee, and E. D. Holley, Maud, for defendants in error.

ARNOLD, Justice.

This is an appeal by Independent School District No. 66 (St. Louis) of Pottawatomie County from a judgment of the District Court of Pottawatomie County vacating and setting aside the order of the county superintendent which detached a portion of Dependent School District No. 62 and annexed same to Independent School District No. 66.

The controlling and undisputed facts are: That Dependent School District No. 62 consists of Sections 4, 5, 6, 7, 8, 9, and the NE¼ of Section 16, Township 7 North, Range 5 East I.M.; that during the school year beginning September 4, 1950, and ending June 1, 1951, an average of less than 13 school children attended the school in said district; that upon proper petition the county superintendent regularly called for election on June 29, 1951, and there was submitted to the qualified school electors the question of whether or not a certain described portion of said school district should be attached to St. Louis Independent School District No. 66; that at said election a majority of the qualified voters casting ballots voted to detach the following portion of Dependent School District No. 62, to wit:

"The South Half of Section 4, all of Sections 5, 7, and 8, the North Half and Southeast Quarter of Section 9 and the Northeast Quarter of Section 16, Township 7 North, Range 5 East, I.M.,"

and annex it to St. Louis Independent School District No. 66; that on June 30, 1951, the county superintendent entered an order detaching said portion of said school district from Dependent School District No. 62 and annexing it to St. Louis Independent School District No. 66; that within the ten day period prescribed by law an appeal from said order was lodged in the District Court of Pottawatomie County, on July 9, 1951; that on July 6, 1951, after the order of annexation but before the time for appeal therefrom had expired and appeal filed, the State Board of Education made an order declaring Dependent School District No. 62 disorganized and annexed the North Half of Section 4 and the Southwest Quarter of Section 9 to Maud Independent School District No. 117; that the three remaining portions of Dependent School District No. 62, to wit: The North Half of Section 4, all of Section 6, and the Southwest Quarter of Section 9, not annexed to St. Louis Independent School District No. 66 by the order of the county superintendent are three separate, non-contiguous portions of land each of which is separated from the other by intervening school territory and none of which had any school facilities within its boundaries; that the portion of School District No. 62 annexed to St. Louis Independent School District No. 66 is adjacent to District No. 66 although it is in the transportation area of Maud Independent School District No. 117; that the three remaining portions of District No. 62 are also in the transportation area of Maud School District No. 117.

Upon trial the District Court found that the order of annexation made by the county superintendent was void because it divided the school district into three non-contiguous parts. From order overruling motion for new trial this appeal is brought by the annexing district, St. Louis Independent School District No. 66.

As grounds for reversal appellant makes the sole contention that the District Court was without jurisdiction to hear the appeal for the reason that before the appeal was lodged the State Board of Education declared School District No. 62 disorganized and annexed portions thereof to Maud Independent School District No. 117; that by this action of the State Board of Education the territorial existence of Dependent School District No. 62 did not exist at the time the appeal was lodged and there was no subject matter upon which the District Court could act. Although appellant does not contend that the appeal was not lodged within the time provided for by 70 O.S. 1951 § 7-1, as amended, it contends that under Title 70 O.S.1951 § 7-2, subsection (c), only the State Board of Education has the authority to disorganize a school district, that its action is final and conclusive and not subject to attack; that the State Board of Education was given no notice that an appeal from the order of annexation of a part of the school district to St. Louis District No. 66 was pending or would be filed; that therefore as it exercised its exclusive jurisdiction to disorganize the school district prior to the time the appeal was lodged the District Court had nothing upon which to act.

The pertinent portions of Section 7-1, Title 70 O.S.1951, are:

"* * * (c) If the annexation is approved, as hereinbefore provided, the County Superintendent of Schools shall, within five (5) days after such election, make an order declaring the annexation as requested in the petition for annexation, but the annexation shall not become effective until the time for filing an appeal, as hereinafter provided, has expired. * * * Within ten (10) days after the order of the County Superintendent of Schools is made, twenty-five per cent (25%) of the school district electors who were eligible to vote at the annexation election may appeal to the District Court of the county in which the territory proposed to be annexed * * * is situated, and thereafter all proceedings

shall be stayed until the District Court has rendered judgment."

Section 7–2, subsection (c), 70 O.S.1951, provides:

"Whenever any school district shall have had an average daily attendance for one (1) year of less than thirteen (13) or shall have failed to maintain school within the district for one (1) year, the State Board of Education shall declare such district to be disorganized and shall annex the territory comprising such district to the district or districts, maintaining transportation within the transportation area or areas in which such territory is located."

■ An election which submits a question which has the effect of dividing a school district into two or more non-contiguous parts and the order of annexation based thereon are void. See Petitioners of School District No. 9, Caddo County v. Jones, 193 Okl. 9, 140 P.2d 922; Ensley v. Goins, 192 Okl. 587, 138 P.2d 540. The District Court had jurisdiction of the question of the validity or invalidity of the annexation order and it properly held that the annexation order was invalid and should be vacated and set aside. This left School District No. 62 constituted as it had always been.

■ Under the statute above quoted it was the mandatory duty of the State Board of Education to declare School District No. 62 disorganized because the average daily attendance in the district for the past year was less than 13 students, and to annex the entire district to another district or districts maintaining transportation within the transportation area or areas in which such School District No. 62 was located. It made an order disorganizing the entire district; since the district at the time the order was made and at all times thereinbefore comprised all of Sections 4, 5, 6, 7, 8, 9 and the NE¼ of Section 16, the order of disorganization was good and conforms with the judgment of the District Court. But the annexation order annexed to Maud District No. 117 only the portions of the district that remained if the county superintendent's annexation order were valid. This it could not do because the district at the time of its disorganization was constituted as it originally was and the entire district being within the transportation area of the Maud District the whole district must be attached to Maud Independent School District No. 117, not just a portion thereof.

Affirmed.