Eldon **WILDS**, W. Jerome Smith, James W. Roach and Jack Cooksey, Plaintiffs in Error,

v.

Neal V. **GOLDEN**, Defendant in Error.

William Dolezal, V. J. Kramer and Ebbie Maine, Interveners and Defendants in Error.

No. 38056.

Supreme Court of Oklahoma.

Sept. 30, 1958.

Ralph A. Myers, Jr., El Reno, for plaintiffs in error.

Porta & Weaver, John V. Whelan, El Reno, for Neal V. Golden, County Superintendent of Schools, defendant in error.

**BLACKBIRD, Justice.**

Plaintiffs in error who are residents and school district electors of School District No. 29, of Canadian County, Oklahoma, commenced this action, as plaintiffs, against the defendant in error, Golden, as defendant, to restrain and enjoin him from conducting an election on annexation of certain legally described lands in said school district, to said County's School District No. 31. Plaintiffs alleged that the election, if held, would be invalid for certain asserted reasons, some of which are not involved in this appeal. After intervention of certain other residents and electors of School District No. 29 on the side of defendant and in support of the purported election's validity, the cause was tried to the court, which rendered judgment in favor of the defendants and interveners. Plaintiffs thereafter lodged the present appeal. In our further reference to the parties by their trial court designations, both the interveners and defendants will be referred to collectively as "defendants."

In order to understand the ground upon which plaintiffs contend the trial court's judgment was erroneous, it should be stated that the tracts, whose legal descriptions were set forth in the petition filed with the defendant County Superintendent for the election, included the site of one of the school houses in School District No. 29, which said building will no longer be used as a school, nor will it, or its site, become a part of School District No. 31, if and when the annexation is accomplished. It was stipulated at the trial that, in the event of the annexation, the school house referred to will remain the property of School District No. 29. It is because the legal descriptions of the tracts of land set forth in the petition filed with the defendant, encompassed this school site that plaintiffs claim it was void. They infer that, because of this, the petition misrepresented the extent of the territory to be annexed, there being no evidence that the signers of the petition knew that the school site could not be annexed along with the other lands included in the description set forth therein.

We find in plaintiffs' argument insufficient ground for holding the proposed annexation election invalid. Tit. 70, O.S. 1955 Supp. § 7–1 specifically authorizes the annexation of " * * * all or part of a school district * · * * ". The signers of the petition filed with the county superintendent, must be held to have known, at the time they signed the petition, that under sec. 7–4(c) of said Tit. 70, where, as here, the area to be annexed is not an entire school district, the annexing district does not acquire any of the property or assets "of the district from which the area affected is detached."

Plaintiffs concede they have been unable to find any "adequate case law" on the question involved. They further say: "It appears there has not been an effort made in the past to annex the property of another district *by reason of the Statute forbidding such annexation.*" (Emphasis ours.) They point to no statute, except sec. 7–4(c), supra, however, as "forbidding such annexation"; and, in our opinion, it does not. Instead, our statutes authorize such annexation despite the contemplation of said section that the school property will not thereby pass to the annexing school district. Plaintiffs cite an opinion issued in 1951, by this State's Attorney General, and the opinion of the Mississippi Supreme Court in Myers v. Board of Supervisors, 156 Miss. 251, 125 So. 718, in support of their position. We consider neither of these opinions applicable, however, because here, according to the stipulation entered into at the trial, if the subject annexation is accomplished, there will still be a school in that part of School District No. 29 left intact (after the annexation) for students living in that area to attend.

In accord with the foregoing, the judgment of the trial court is affirmed.

DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.