INDEPENDENT SCHOOL DISTRICT NO. JI–69 OF CANADIAN COUNTY, Oklahoma, also known as School District No. JI–69 of Canadian County, Oklahoma, Plaintiff in Error,

v.

INDEPENDENT SCHOOL DISTRICT NO. D–45 OF CANADIAN COUNTY, Oklahoma, Defendant in Error.

No. 39195.

Supreme Court of Oklahoma.

April 18, 1961.

Rehearing Denied Aug. 1, 1961.

Owen F. Renegar, Oklahoma City, for plaintiff in error.

Porta & Weaver, Ralph A. Myers, Jr., El Reno, for defendant in error.

WELCH, Justice.

This action was originally filed in the district court of Canadian County, Oklahoma, naming Independent School District No. D–45 as plaintiff, against Independent School District No. JI–69 as defendant.

Judgment was rendered for plaintiff quieting title in it as to certain real property and easements, and for money held by the County Treasurer. It is from said judgment that defendant prosecutes this appeal.

This action arises as the result of annexation proceedings involving three separate school districts, all of which are situated in Canadian County, Oklahoma. Independent School District No. JI–27, known as Yukon Area, Dependent School District No. D–45, known as Mustang Valley Area, and Independent School District No. JI–69, known as Mustang Town Area.

Defendant contends that it is entitled to the property in question for the reason that District No. D–45 was an entire district at the time it was annexed to defendant district, and therefore D–45 assets became a part of the assets of District No. JI–69. While plaintiff contends that District No. JI–27 became a part of D–45 by reason of annexation prior to the date of the annexation to District No. JI–69, and that since it was only the original District No. D–45 (Mustang Valley Area) which was annexed to JI–69 and JI–27, (Yukon Area) was not included, then only a part of D–45 was annexed and the assets remained with that part of D–45 which was not annexed to JI–69.

There is no disagreement between the parties as to the legal construction of Section 7–4, Title 70 O.S.1951, which provides that when an entire district is annexed to another district the latter becomes the owner of the assets of the former, and when only a part of a district is annexed to another, the assets of the former remain to be the assets of that portion of the former district not included in the annexation.

Therefore the only question for our determination is whether JI–27 became annexed to D–45 so as to lose its identity and become identified as a part of D–45 prior to the date D–45 (Mustang Valley Area) became annexed to JI–69. If it did, then the judgment of the trial court should be affirmed, if not, then judgment should be reversed.

The parties are in agreement as to the pertinent facts.

That on the 18th day of March, 1959, a petition signed by a majority of the electors of District No. JI–27 was filed with the County Superintendent requesting an election for the annexation of District JI–27 to District No. D–45. The election was held on April 2, 1959, and on April 7, 1959, an order was made by the Superintendent declaring said annexation. On April 7, 1959, a petition signed by a majority of the electors of D–45 (Mustang Valley Area) for an election to annex this area to JI–69. The election was held on April 17, 1959, and on the same date, after the result of the election was determined, an order was made by the Superintendent annexing the said area to JI–69. None of the electors of the Yukon Area JI–27, signed this latter petition or voted in the election to annex to JI–69.

Prior to any annexation proceedings the property involved in this action was the assets of District D–45, (Mustang Valley Area), and upon the annexation to JI–69, these assets were transferred by the members of the Board of Education of D–45 over to JI–69.

Another fact involved herein is that prior to the second annexation proceeding an appeal from the order of Superintendent annexing JI–27 to D–45 had been filed in the district court and was pending, and was not disposed of until October 16, 1959, at which time it was dismissed. Plaintiff contends that the appeal was a nullity and could not stay the proceedings of annexation of JI–27 to D–45, and therefore said annexation became complete on April 17, 1959, before the order of annexation of D–45 to JI–69 became final on April 27, 1959. Plaintiff in support of this contention argues that appeal was not taken by 25% of the voters of District JI–27, as required by statute. We agree that this is a statutory requirement, however, plaintiff has failed to furnish any evidence to support such argument. Assuming, but not deciding, that this contention is correct, we are of the opinion that the proper place to raise this question would be in the case which is appealed, and not this case, and the proper method would be by motion to

dismiss and not by mere statement of counsel in this case.

It is not contended by the plaintiff that any action had been taken by any one to question the legality of the appeal before this action was filed. There is nothing in the record that indicates that the plaintiff was prevented from proceeding to have appeal dismissed as soon as same was filed, which apparently was prior to April 17, 1959. If this appeal was a nullity, as contended by plaintiff, had the plaintiff proceeded with diligence same could have been properly decided by the court prior to the completion of the annexation of D–45 to JI–69, and this action would not have been necessary. It was to the advantage of the plaintiff to have an early decision on the appeal, but no action was taken from April 17, 1959, until October 16, 1959.

■ It is not an uncommon occurrence for appeals to be improperly brought and when properly called to the attention of the appellate court, they are dismissed. However, we know of no authorities, and none have been called to our attention by the plaintiff, which hold that during the pendency of such an appeal the order or judgment appealed from is not stayed.

Section 7–1, Title 70, O.S.1957, Supp. paragraph (d) provides:

"If the annexation is approved, as hereinbefore provided, the County Superintendent of Schools shall, within five (5) days after such election, make an order declaring the annexation as requested in the petition for annexation, but the annexation shall not become effective until the time for filing an appeal, as hereinafter provided, has expired, * * * Within ten (10) days after the order of the County Superintendent of Schools is made, twenty-five per cent (25%) of the school district electors who were eligible to vote at the annexation election may appeal to the District Court of the county in which the territory proposed to be annexed, * * *, and thereafter all proceedings shall be stayed until the District Court has rendered judgment."

■ We think the language in the above statutory provision clear, however, if considered to have a doubtful meaning it should be given a construction that is reasonable and sensible, bearing in mind the evils intended to be avoided or the remedy intended to be afforded, and the Legislature will be presumed not to have intended an absurd result. City of Tahlequah ex rel. Johnston v. Franklin et al., 201 Okl. 36, 200 P.2d 417, and Brown v. State Election Board, 197 Okl. 169, 170 P.2d 200.

■ The real party in interest as plaintiff herein, or party interested in prosecuting this action appears to be not D–45, but JI–27, which after appeal was taken from its annexation order sat idly by without contesting the appeal, while D–45 completed annexation proceedings to JI–69, defendant herein, transferred its assets to JI–69, changed its school records, tax structure, and school children attendance records, and then after the completion of said annexation this action was filed seeking to recover assets. The assets involved were originally owned by D–45 prior to its dissolution by annexation to JI–69. JI–27 never had any interest in these assets nor contributed to the acquisition thereof. They were acquired by old or former D–45 by or from taxation.

To construe the above statute as plaintiff contends it should be construed, would obviously reach an unsound result. As stated heretofore, the Legislature will not be presumed to have intended such result.

The record indicates that the trial court may have taken the view that the stay of proceedings applied to D–45 as well as JI–27.

■ We cannot agree with this theory, since the stay of proceedings can only apply to the proceedings being had, and only to the proper parties to the proceedings, that would be the electors within JI–27 proposing the annexation, and those opposed who were parties to the appeal,

which under our statutes could not be District D–45, or any persons therein, and there was no evidence before the trial court indicating that any parties were parties of record to the proceedings other than those of JI–27.

 Where the statutes provide that an order of annexation shall not become effective until a specified time, as ours do, the government of the schools and territory affected by the creation of a new district remains unchanged so schools in territory to be annexed to a district are not removed from the control of the district in which they are situated or brought under the control of the district to which they are to be annexed until such annexation becomes effective, and, until the time at which a division of a district or the detachment of territory therefrom takes effect, the schools in the territory to be so detached remain under the control of the existing district. 78 C.J.S. Schools and School Districts § 47, page 741.

We are of the opinion that in spite of suggested irregularities in the appeal, and as applied to parties to the appeal yet the appeal was sufficient to stay the proceeding and prevent a complete annexation of JI–27 to D–45, until the appeal was disposed of on October 16, 1959. Under our statutory provisions the only parties who were entitled to be parties to the proceedings were electors of JI–27, therefore, in the absence of proof to the contrary, we must presume that these were the only parties to the appeal proceedings and the only ones over whom the court had jurisdiction during the pendency of the appeal. Therefore, we cannot agree that the stay proceedings went so far as to prevent the electors of D–45 from annexing to another district in the meantime.

Therefore we are of the opinion that the annexation of School District JI–27 did not become effective prior to the time when D–45 became annexed to JI–69, and at that time the Mustang Valley Area constituted the entire area of D–45 and its assets became the property of JI–69.

Judgment of the trial court is reversed, and the cause is remanded with directions for the trial court to enter judgment for the defendant.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and JACKSON and IRWIN, JJ., dissent.