Bonnie HATFIELD, Plaintiff in Error

v.

Fred JIMERSON, County Superintendent of
Schools of Ottawa County, Oklahoma,
Defendant in Error.

No. 39511.

Supreme Court of Oklahoma.

Oct. 24, 1961.

Jack C. Brown, Miami, for plaintiff in error.

Frank W. Nesbitt, Nesbitt & Nesbitt, Miami, for defendant in error.

DAVISON, Justice.

This is an appeal by Bonnie Hatfield (plaintiff below) from a judgment of the District Court in favor of Fred Jimerson, County Superintendent of Schools of Ottawa County, Oklahoma (defendant below), refusing to restrain and enjoin the defendant from completing proceedings for the annexation of a portion of Dependent School District No. 48 to Independent School District No. 15 (Picher, Oklahoma),

The parties will be referred to as they appeared in the lower court.

There is little, if any, dispute as to the facts. School District No. 48, is to the west of and adjoins both School District No. 15 (Picher, Oklahoma) and School District No. 18 (Commerce, Oklahoma). District No. 48 has a small frame schoolhouse for grades below high school. The evidence is that the school had less than 13 pupils for the 1959–1960 school term and would be disorganized by the State Board of Education pursuant to 70 O.S.1951, Sec. 7–2, and that no school would be conducted therein, commencing with the fall 1960 term.

Pursuant to 70 O.S.Supp., 1955, Sec. 7–1 and on June 1, 1960, there was filed with the defendant County Superintendent a petition for an annexation election containing a description of the area in District No. 48, proposed to be annexed to District No. 15 (Picher). The described area is contiguous and adjoins District No. 15. This petition was signed by a majority of the school district electors in the territory proposed to be annexed and was concurred in by all the members of the Board of Education of District No. 48.

The election was held June 28, 1960, after the court had denied plaintiff's request for a restraining order, with the great majority of those voting favoring annexation. The defendant then issued his order, declaring the annexation to District No. 15, on June 29, 1960. The plaintiff does not reside within the area annexed and her two children attend the school in District No. 18 (Commerce). It was also shown that the area of her residence was within the Commerce pupil transportation area.

On July 1, 1960, the State Board of Education (70 O.S.1951, Sec. 7–2) declared District No. 48 disorganized and annexed it to District No. 18 (Commerce).

Plaintiff contends the election approving and the order of defendant annexing the portion of District No. 48 to District No. 15 (Picher) is not legal and is unfair and is a violation of her constitutional rights. In

effect plaintiff contends the order of the State Board of Education should prevail.

Plaintiff first contends that the court erred when it failed to make a finding that a school board (District 48) could not legally hold office when they failed to follow the "Loyalty Oath Act."

Plaintiff has reference to the provisions of 51 O.S.Supp.1953, Sec. 36.1 et seq., and particularly to the provisions of Sec. 36.3 requiring the Loyalty Oath to be filed in the office of the county clerk. The facts are that the members of the Board of Education of District No. 48 did sign the oath and that it was filed in the office of the defendant county superintendent and not in the office of the county clerk. The explanation of the defendant is that the loyalty oath forms were forwarded to him by the state with other forms concerning the board of education and that after the board members had signed, or otherwise made use of the sets of forms, the signed oaths were filed with the other papers in defendant's office.

The board members had held office and functioned as such for a year or more. It is not questioned that they were in all other respects duly qualified to hold such office. Assuming that there is some merit in plaintiff's contention, still their acts as board members would be those of de facto officers. In State of Oklahoma ex rel. Tayrien v. Doggett, Okl.Cr., 296 P.2d 185, 186, we stated:

> " 'An "officer de facto" is one whose acts, though not those of a lawful officer, the law, upon principles of policy and justice, will hold valid so far as they involve the interest of the public and third persons, where the * * * functions of the office are exercised by one who was in the actual possession of it under color of title.' "

And quoted with approval as follows:

> " 'The result of the authorities is that title of a person acting with color of authority, even if he be not a good officer in point of law, cannot be collaterally attacked.' "

See also Torrance v. Bladel, 195 Okl. 68, 155 P.2d 546, and Ex parte Crump, 10 Okl.Cr. 133, 135 P. 428, 47 L.R.A.,N.S., 1036.

On the grounds above stated we are of the opinion that plaintiff's contention is without merit.

Plaintiff also contends that the area in District No. 48 selected and described in the petition for annexation was such as to discriminate against plaintiff and others. It is argued that a prior election on annexation of District No. 48 to District 15 (Picher) resulted in a tie vote and that the area described in the present or last petition was such as to insure a vote favorable (19 to 1) for annexation. It is also argued in support of this contention that the annexed area contains approximately 75% of the appraised tax valuation of District No. 48.

The legislature in enacting 70 O.S.1951, as amended Laws 1953 and Laws 1955, Sec. 7–1, provided the procedure for annexation of all or a part of a school district to another school district. The statute does not limit or prescribe the quantum or shape of the area or of the tax valuation of the area seeking annexation. The area here is contiguous and adjoins District No. 15 (Picher). Under the procedure there provided and followed in this case, the petitioners for the election, by securing concurrence of the members of the school board of District No. 48, limited the voters eligible to vote at the election to the legal voters of the area seeking annexation. Plaintiff does not contend that the statute is for any reason invalid.

However, plaintiff urges that since the area in which she resides is surrounded on three sides by the annexed area that this is a gerry-mandering situation and is unfair and unjust to her. The defendant's answer to this contention is that this was done because plaintiff wished to be in an area which authorized her children to attend the school in District No. 18 (Commerce).

Plaintiff cites Myers v. Board of Supervisors, 156 Miss. 251, 125 So. 718, in support of her position. We do not consider that

decision applicable. In the cited case the petition for an election on the proposition of annexation to another school district omitted an area which left the omitted area with *no* school facilities for children therein, contrary to the Mississippi constitution and laws. Such is not the situation in the instant case. As pointed out in our decision in Wilds v. Golden, Okl., 330 P.2d 373, the cited Mississippi case has no application when the portion lost by the school district contained a school but the remaining portion had a school for pupils in such portion to attend.

The same principle applies in the instant case. Admittedly, District No. 48 would have no school, regardless of the annexation, because of the disorganization of the District pursuant to 70 O.S.1951, Sec. 7–2. This of itself could eliminate any claim of discrimination since plaintiff does not ask that her area be included in the annexation. However, said Sec. 7–2 provides that upon disorganization the State Board of Education shall annex the territory to the district maintaining transportation within the area. This has been done. The territory has been annexed to District No. 18 (Commerce) and the children of plaintiff and others similarly situated will attend that school. In our opinion plaintiff's claim of unfairness and discrimination is without foundation.

■■ The Legislature has plenary power with respect to the establishment and change of school districts, and may exercise that power directly by laws containing definitions and explicit directions for all occasions, or it may delegate the exercise of that power to subordinate agents under such terms as it judges to be reasonable. It appears from the cited Sec. 7–1 that the Legislature intended the question of change of school districts to be one of broad ministerial policy and that the defendant, after the election in favor of annexation, reasonably acted pursuant thereto. Ensley v. Goins, 192 Okl. 587, 138 P.2d 540, 541.

Plaintiff also contends the lower court erred in approving the annexation and leaving the remaining portion without a schoolhouse. What we have herein stated largely disposes of this contention. District No. 48 has been disorganized for lack of pupils and no school will be conducted therein. This leaves the schoolhouse and any other assets of District No. 48. Their disposition or use are governed by the provisions of 70 O.S.Supp.1959, Sec. 7–4, and 70 O.S.1951, Sec. 7–6, as amended.

■ An order of the State Board of Education disorganizing a school district under the provisions of 70 O.S.1951, Sec. 7–2, for lack of minimum number of pupils, must conform to the correct judgment of the District Court having jurisdiction to determine the validity of annexation of a portion of such school district. Independent School District No. 66, Pottawatomie County v. Dependent School District No. 62, Pottawatomie County, Okl., 259 P.2d 826.

The judgment of the lower court is not contrary to the clear weight of the evidence and is affirmed.