Independent Local Schools — Accreditation Standards A school not meeting accreditation standards established by the Board of Education cannot operate even though it requires no state aid. To do so would violate 70 O.S. 4-22 [70-4-22] (1961), and other School Code provisions. The Attorney General has had under consideration your recent letter wherein you, in effect, ask: "May a school district board of education legally operate a school on local funds which does not meet the accreditation standards established by the State Board of Education, where local revenue is sufficient without state aid?" 70 O.S. 2A4 [70-2A4] (1967), provides in part: "The control of the State Department of Education and the supervision of the Public School System of Oklahoma shall be vested in the State Board of Education and subject to limitations otherwise provided by law, the State Board of Education shall; . . . "2. Adopt policies and make rules and regulations for the operation of the State Department of Education and the public School System of the State; . . . . "10. Make rules and regulations for the classification, inspection, supervision and accrediting of all public nursery, kindergarten, elementary and secondary schools in the State, which classification shall be intended to give official recognition to the various schools in accordance with their standards of excellence, and which classification shall be based upon the qualifications of the teacher or teachers, library, physical plant, courses of instruction, average attendance in said school, and other factors usually considered in accrediting schools as may be determined by the State Board of Education. . . ." 70 O.S. 4-22 [70-4-22] (1961), regarding the powers and duties of the local boards of education, provides in part as follows: "The Board of Education of each school district shall have power to elect its own officers; to make rules and regulations, not inconsistent with the law or rules and regulations of the State Board of Education, governing the board and the school system of the district; . . . and to exercise sole control over all of the schools and property of the district, subject to other provisions of the Oklahoma School Code. . . ." It is beyond argument that the Legislature has the plenary power to delegate authority to the State Board of Education to determine facts and enact rules and regulations within prescribed legislative standards. Herrin v. Arnold, 183 Okl. 392,82 P.2d 979;School District No. 24, et al. v. Hodge, 199 Okl. 81,133 P.2d 575; Hatfield v. Jimerson, Co. Supt., Okl.,365 P.2d 980. The Legislature specifically directed the State Board of Education in Section 2A4 (10), supra, to provide excellence of education in Oklahoma by accreditation of all schools based upon qualifications of the teachers, library, physical plant, courses of instruction, average attendance and other factors usually considered in accrediting schools as may be determined by the State Board of Education. The failure of the local board of education of a school district to maintain proper standards for accreditation and thus provide the excellence of education required therefor would constitute a violation by such local board of the rules and regulations of the State Board of Education. Therefore, the local board of education of a school district cannot operate a school which does not meet the accreditation standards established by the State Board of Education even though such school can be operated with local funds and require no state aid and to do so would violate the provisions of Section 4-22, supra, and other provisions of the Oklahoma School Code. It is the opinion of the Attorney General that your question be answered in the negative. (W. J. Monroe)