TRYON DEPENDENT SCHOOL DISTRICT NO. 125 OF LINCOLN COUNTY, Oklahoma, Plaintiff in Error,

v.

Joe F. CARRIER, County Superintendent of Payne County, Oklahoma, et al., Defendants in Error.

TRYON DEPENDENT SCHOOL DISTRICT NO. 125 OF LINCOLN COUNTY, Oklahoma, et al., Plaintiffs in Error,

v.

Joe F. CARRIER, County Superintendent of Payne County, Oklahoma, et al., Defendants in Error.

PERKINS INDEPENDENT SCHOOL DISTRICT NO. 56 OF PAYNE COUNTY Oklahoma, et al., Plaintiffs in Error,

v.

Charles GOOD, County Superintendent of Lincoln County, Oklahoma, et al., Defendants in Error.

Nos. 44276, 44288 and 44367.

Supreme Court of Oklahoma.

Aug. 12, 1970.

Rehearing Denied Aug. 18, 1970 in No. 44276.

Richard James, Stroud, Dan A. Erwin, Milton C. Craig, Asst. Dist. Atty., Lincoln County, Chandler, for plaintiffs in error in No. 44276 and No. 44288 (defendant in error in No. 44367).

Fitzgerald, Houston & Worthington, by Donald L. Worthington, K. D. Greiner, Dist. Atty., Payne County, Stillwater, for defendants in error in No. 44276 and No. 44288 (plaintiff in error in No. 44367).

McINERNEY, Justice:

These consolidated appeals relate to two simultaneous annexations. On May 18, 1970, the County Superintendent of Payne County, pursuant to a resolution of the school board received by him on May 15, 1970, called an annexation election, and posted the notices, for an election to be held on May 28, 1970 to annex Perkins Independent School District No. I-56 of Payne County to Tryon Dependent School District No. D-125 of Lincoln County. On May 18, 1970, the County Superintendent of Lincoln County, pursuant to a resolution

received that day, called an annexation election, and posted notices, for an election to be held on May 28, 1970, to annex Tryon Dependent School District No. D-125 to Carney Independent School District No. I-105 of Lincoln County. Both districts voted to annex themselves, and the orders of annexation were issued by the superintendents of the respective counties on May 28, 1970, declaring the annexations.

■ The Tryon School Board first sought to enjoin the holding of the annexation election in Perkins. This injunction was denied, and Tryon appealed (No. 44276). The Tryon School Board then appealed the dismissal of its petition challenging the annexation election held in Perkins (No. 44288). Later, twenty-five percent of the electors of the Tryon district appealed the annexation election held in Tryon (No. 44367). The elections are authorized by 70 O.S.Supp.1969, § 7-1. Both superintendents had authority to call the elections since the two districts, or "area affected" in the language of the statute, and as construed in Caddo Independent School District, No. I-5 v. Sampson, Okl., 447 P.2d 765 (1968), are separate areas containing no area common to each other. Therefore, no conflict exists in the statutory authority of the two superintendents to call the respective elections.

■ Conflicting annexation elections, and the attendant results, have been reconciled in the past on (1) pre-emption of authority to call the election, Sampson, supra; (2) insufficiency of one of the petitions, In Re Hickory School District D-3 of Murray County, Okl., 454 P.2d 670 (1969); or (3) prior finality of one of the orders of annexation, Independent School District No. JI-69 of Canadian County v. Independent School District No. D-45 of Canadian County, Okl., 363 P.2d 835 (1961). The two orders of annexation cannot co-exist. If the Perkins to Tryon annexation and the Tryon to Carney annexation are both held valid, then the State Department of Education is rendered non-functional in determining where. the students in Perkins and

Tryon attend school; The Oklahoma Tax Commission and the County Treasurers of Payne and Lincoln Counties can not adjust their taxation records.

■ Public education is a function of the State. Article 13, § 1, Oklahoma Constitution. The Legislature is vested with plenary power to create, abolish, or change school districts, Hatfield v. Jimerson, Okl., 365 P.2d 980 (1961), in the exercise of this governmental function. In Re Wickstrum, Okl., 454 P.2d 660, 664 (1969). The enactment of 70 O.S.Supp.1969, § 7-1 is the legislative expression of this power and duty in regard to annexations. Our decision rests on an application of the annexation statute coupled with the necessity to revive the system of public education in the school districts involved. We do not extend our inquiry beyond the procedure prescribed by the cited statute. Musick v. State ex rel. Miles, 185 Okl. 140, 142, 90 P. 2d 631, 634 (1938). Recourse to correct the inequities, if any, resulting from the application of the statute should be addressed to the Legislature rather than the Court.

■ The contentions of Tryon are briefly noted. Elaboration is not attempted since the contentions are not held dispositive. Tryon objects to the validity of the Perkins election on several grounds. One is that the notice provided was not a full ten days. But the notice provided is the same as that announced for the annexation election of Tryon to Carney. If the objection is valid, it applies to both, so we pass over this point. It cannot apply to one and not to the other. Further, Tryon objects that the resolution adopted by the Perkins School Board was conditional, and therefore insufficient, and that the Perkins School District is equitably estopped to proceed with its election together with waiving its right to proceed, based on various assertions of fact. Annexation is statutory rather than equitable. The statute expresses the public policy. Our inquiry is restricted to the procedure followed rather than the motive underlying the invocation of the statutory procedure. The

Legislature has provided a standard without regard to equity considerations. Both districts seek to gain a supposed advantage based on the statute, so equity, in this instance, even if permitted, is inappropriate. Finally, the request of Tryon to adjudicate the composition of a new school board if the Perkins to Tryon annexation is approved is premature. The basis for such opinion is predicated on a possible later complaint not now before the Court.

■ The factual situation presents a case of first impression which demands a decision in order for public education to continue in the districts involved. Tryon has sought in vain to perpetuate a high school locally. Gammill v. Shackelford, Okl., (1970) not yet officially reported; Senate Joint Resolution No. 22, vetoed by the Governor on April 10, 1970. The Tryon district finds itself unable to accommodate itself to the declaration of the minimum standards of public education announced by the State Department of Education, which were approved in Oklahoma Farm Bureau v. State Board of Education, Okl., 444 P.2d 182 (1968), and its desire to maintain a system of high school education within its district. Annexation became its only remaining program. In order to proceed on its own, Tryon sought to delay the annexation by Perkins. This was accomplished by objecting to holding the Perkins annexation election, and then appealing the dismissal of its petition after the election. We find no statutory procedure for such injunction or appellate review. 70 O.S.Supp.1969, § 7–1(a), (d).

■ Since the Court must necessarily hold one of the two elections valid in point of time, in order to determine which election prevails, we hold that the attempted appeals by Tryon of the denial of its injunction and the result of the election held in Perkins are not authorized by statute, and do not operate to delay the finality of the order of annexation issued by the Payne County Superintendent of Schools. Such order, annexing Perkins to Tryon, therefore, became final ten days after May 28, 1970.

■ We do not rule out a challenge by an adjacent district to patently void procedures followed by a district seeking to annex itself when the result of the procedure would be to usurp the right of the adjacent district to proceed with an annexation according to the statute. But we fail to find disclosed here any challenged *statutory* procedure followed by Perkins which is not mirrored by Tryon.

■ The order annexing Tryon to Carney is not final, and will not be final until a mandate in this case is issued. This is so because the appeal of the Tryon annexation is properly before this Court according to the statute. The finality of the Perkins annexation has been adjudicated, and declared effective ten days after May 28, 1970, based on the absence of a statutorily authorized challenge. Since the Perkins annexation is final and the Tryon annexation is not final, Perkins no longer exists as a separate district, but has become a part of the combined Perkins-Tryon district. The attempted annexation of Tryon to Carney becomes at once a nullity. Independent School District No. JI-69, supra. The appeal by the school district electors of Tryon becomes moot since Tryon is no longer a school district.

The appeals from the judgment in No. 44276 and No. 44288 are affirmed. The appeal from the judgment in No. 44367 is reversed.

IRWIN, C. J., and DAVISON, WILLIAMS, JACKSON and HODGES, JJ., concur.