Norman D. SWEZEY et al., Petitioners,

v.

Leslie R. FISHER, State Superintendent of Public Instruction, State Board of Education of the State of Oklahoma et al., Respondents.

No. 44743.

Supreme Court of Oklahoma.

April 27, 1971.

Sterling Grubbs, Cushing, for petitioners.

Larry Derryberry, Atty. Gen., Larry L. French, Asst. Atty. Gen., for respondents Leslie R. Fisher and The State Bd. of Ed.

Ungerman, Grabel, Ungerman & Leiter by Paul R. Weinstein, Tulsa, for respondents Robert L. Huntsinger, Jesse I. Pridgen and C. C. Nunley.

M. J. Ledbetter, Cleveland, for respondent Independent School District No. 6, of Pawnee County.

McINERNEY, Justice.

This is an original action involving competing annexation elections wherein one school district votes to annex itself to a second school district, with the second school district voting to annex itself to a third school district.

On November 24, 1970, the Board of Independent School District No. 3 of Creek County (Mannford) adopted a resolution to annex itself to Dependent School District No. 5 of Pawnee County (Terlton). On November 28, 1970, the County Superintendent of Schools of Creek County issued an election proclamation for December 9, 1970. The electors of Mannford voted to annex to Terlton, and an order of annexation was declared on December 9, 1970.

On November 27, 1970, the Terlton Board adopted a resolution to annex itself to Independent School District No. 6 of Pawnee County (Cleveland). This election was held December 7, 1970, pursuant to an election proclamation issued by the County Superintendent of Pawnee County on November 27, 1970. The electors of Terlton voted to annex to Cleveland, and an order of annexation was declared on December 7, 1970.

In the normal course of events, the Terlton annexation would become effective on December 17, 1970. The Mannford annexation would not become effective until December 21, 1970 because the conclusion of the 10 day protest period following the election fell on a weekend. However, an appeal by twenty-five percent of the school district electors eligible to vote at the annexation election will stay the effective date of the annexation until the District Court renders judgment on the appeal. 70

O.S.Supp.1970, § 7–1(d). A petition purporting to contain the signatures of twenty-five percent of the Terlton electors was filed in the District Court of Pawnee County on December 17, 1970, seeking to appeal the results of the Terlton to Cleveland annexation election. A hearing on the appeal was set for December 18, 1970, and all parties were notified. A complete transcript of the hearing is filed in the present case.

The trial court held that there were 187 qualified electors in the Terlton district. The appeal petitions contained 58 signatures. The trial court found that 15 signatories were not qualified electors. The trial court held that an insufficient number of valid signatures appear on the appeal petitions. The record supports this finding. Twenty-five percent of the electors did not, therefore, appeal the annexation election. The court ordered the appeal dismissed and declared the Terlton order of annexation valid and immediately effective on December 18, 1970. A motion for a new trial was timely filed, and later supplemented. The motion was overruled on January 18, 1971.

■ Petitioners in this original action are the members of the Mannford Board of Education. They complain that the respondents refuse to recognize and give legal effect to the annexation of Mannford to Terlton. Petitioners seek to have the Mannford annexation election held on December 9, 1970 declared valid and effective, and the Terlton annexation election held on December 7, 1970 declared a nullity. We assume jurisdiction so as to put an end to·the existence of an intolerable conflict between a co-ordinate branch of state government. State ex rel. Blankenship v. Atoka County, Okl., 456 P.2d 537 (1969). We decline to grant the relief sought for the reasons to be stated.

Petitioners argument is bottomed on the asserted finality of the Mannford to Terlton annexation during a period when the Terlton to Cleveland annexation remained undecided due to court proceedings. Petitioners cite Independent School District No. JI-69 v. Independent School District No. D-45, Okl., 363 P.2d 835 (1961), popularly known as the Mustang case, and Tryon Dependent School District No. 125 of Lincoln County v. Carrier, Okl., 474 P.2d 131 (1970). The cited cases do not support the proposition advanced by petitioners.

In the Mustang case, supra, the question concerned which school district took title to certain school district property which was left resulting from annexation proceedings involving three separate school districts, all in the same county. An appeal was filed in the District Court and remained pending when the second annexation became final. The opinion noted that an annexation does not become final until the District Court has affirmed the order of annexation or the appeal is dismissed. In the appeal filed challenging the Terlton to Cleveland annexation, the District Court has affirmed the order of annexation and dismissed the appeal prior to the date the Mannford to Terlton annexation became final. The Mustang case is applicable here only to the extent that it announces the rule that a dismissal by the District Court results in finality of the election proceedings being challenged.

In Tryon, two mutually exclusive orders of annexation, pursuant to elections held on the same day, were declared simultaneously by the county school superintendents of two adjoining counties. The two orders of annexation could not co-exist in Tryon. The opinion held that the attempted appeals by Tryon were not authorized by statute and, therefore, would not operate to delay the finality of the order of annexation issued annexing an adjoining school district to Tryon. Under the record presented in support of the present application by Mannford, the appeal challenging the Terlton election was dismissed by the District Court and judgment rendered before December 21, 1970, the effective date of the Mannford to Terlton annexation. The rule announced in Tryon that "the attempted annexation of Tryon to Carney becomes at once

**504**

a nullity" has no application here since no appeals were pending on December 21, 1970.

██ Annexation elections, and appeals lodged thereafter, are special proceedings controlled exclusively by the legislative enactment. The general rules of adversary proceedings which permit any party to an action to appeal are modified to accommodate the intent of the statute; twenty-five percent of the electors must join an appeal, and the automatic stay after an appeal is properly lodged is effective only until the District Court renders judgment. The appeal to the District Court is provided for the protection of the electors voting in the school district; it is not provided to change the results of the election by a minority whose position has been rejected at the polls or to benefit an adjacent school district. The purpose of an election is to express the will of the majority effected by a resolution of the issue. A frivolous motion for a new trial following an abortive attempt to appeal the results of an annexation election will not be permitted to invalidate the results of a valid election. We hold that the statutory stay of the proceedings terminated when judgment was rendered on December 18, 1970. To hold otherwise would result in a minority of the electors controlling the election process.

We observe that resort to the courtroom rather than the voting booth to accomplish annexation results seems to be occurring more frequently. The statute appears to provide a vehicle by which delay rewards the challenger rather than the elector. We wish to dispel that theory. Mere delay serves no useful purpose and should not be encouraged. The Court has carefully carved out rules on which the statute, 70 O.S. 1961, § 7–1, and as later amended, is silent in order to make the statute operative.

██ We have held that a competing school district is not authorized to interfere in, or appeal from, an annexation election in the adjoining school district. Tryon Dependent School District No. 125 of Lincoln County v. Carrier, Okl., 474 P.2d 131 (1970). We now hold that a purported appeal which in fact contains less than twenty-five percent of the school district electors is ineffective to alter the results of the annexation election proceedings *in any respect*. In other words, the mere filing of an instrument purporting to be an appeal authorized by statute, but in fact not authorized by failure to comply with the statute, will not stay the effective date of the order of annexation. If the appeal petition is found to be insufficient in number of signatories, the judgment of the District Court will relate back to the date of the order of annexation. Section 7–1(d) gives precedence to these appeals over all other civil matters; the prompt determination of the numerical sufficiency of the appeal petition is, therefore, assured.

Section 7–1(d), supra, provides a necessary resort to a judicial forum to test the validity of an annexation election. The appeal is not provided in order to render invalid an election conducted according to law. The election process contemplated by 70 O.S.Supp.1970, § 7–1, is defeated when, as here, a minority would conceivably be able to prevail based on the clock rather than the ballot box.

It is apparent that a minority of the electors in the Terlton school district desired to be annexed by Mannford; a majority voted to annex to Cleveland. The decision of the majority is reflected in the first order of annexation; the minority position is included in the second order of annexation. We find no reason to reverse the priority of these orders.

We reaffirm the *caveat* in Tryon, 474 P. 2d at page 134, relating to patently void procedures followed by a school district which would usurp the right of an adjacent district to proceed with an annexation according to statute. The purpose of the *caveat* is to assure school district electors that lawful election procedures will be required. Our conclusion in this case is to assure electors that the results of a lawful election will be carried into effect.

The denial of the relief sought by petitioners leaves in existence the two conflict-

ing orders of annexation issued by the two county superintendents. No appeal was taken from the overruling of the motion for a new trial by the District Court of Pawnee County. We hold the order of the County Superintendent of Pawnee County annexing Dependent School District No. 5 of Pawnee to Independent District No. 6 of Pawnee County, dated December 7, 1970, to be valid and effective. Consequently, the order of the County Superintendent of Creek County annexing Independent District No. 3 of Creek County to Dependent District No. 5 of Pawnee County, dated December 9, 1970, is ineffective and is of no force or effect.

The application to assume original jurisdiction is granted. The Writ is denied for the reasons stated.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN and HODGES, JJ., concur.

LAVENDER, J., concurs in result.