I am authorized to state that Justice ALMA WILSON and Justice KAUGER join in these views.

**STATE of Oklahoma, ex rel. DISTRICT ATTORNEY OF ROGERS, MAYES AND CRAIG COUNTIES, State of Oklahoma, Petitioner,**

v.

**The Honorable Steven J. ADAMS, Respondent.**

**No. 75411.**

Supreme Court of Oklahoma.

June 12, 1990.

## ORDER

Original jurisdiction is assumed.

Title 19 O.S.Supp.1989, § 215.9 requires the District Attorney to appoint a First Assistant and file such designation of office with the Secretary of State. After this requirement is met, and the designee has filed the oath as required by 51 O.S.1989 § 2, the statute allows the First Assistant District Attorney to perform the duties, required by law to be performed by the District Attorney, during the period of time between a resignation or death of the District Attorney and the appointment by the Governor of a qualified person to serve the balance of the District Attorney's unexpired term.

We find that the First Assistant District Attorney became a de facto officer while he was exercising the functions of the District Attorney under color of authority pursuant to the statute. The acts of an officer de facto cannot be collaterally attacked. *Hatfield v. Jimerson,* 365 P.2d 980, 982 (Okla.1961).

The question of the validity of the information is transferred to the Court of Criminal Appeals for its determination and decision regarding the effect of this holding by

---

this Court in Cause No. CRF90–35, District Court of Rogers County, and styled *State of Oklahoma v. Ray Minnerup.*

OPALA, V.C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, C.J., dissents.